INTERSTATE LUMBER COMPANY, A CORPORATION, *Appellant*, v. H. L. FIFE, *et al., Appellees.*

Opinion filed July 13, 1915.

1. It is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. This principle applies to all bills in equity, but is especially applicable to bills seeking an injunction, the rule being that the title or interest of the complainant and the facts upos which he predicates his prayer for such relief must be stated positively, with clearness and certainty. The bill must state facts and not opinions or legal conclusions.

2. While equity will reform a written instrument when by a mistake it does not contain the true agreement of the parties, yet it will only do so when the mistake is plain and the proof full and satisfactory. The writing should be deemed to be the sole expositor of the intention of the parties until the contrary is established beyond a reasonable doubt.

3. The *allegata* and *probata* must reciprocally meet and correspond, the issues being made by the pleadings to which the proof must be confined. If the proof must be full and satisfactory in order to warrant a court of equity in decreeing the reformation of a written instrument, and such proof must correspond to and with the allegations upon which such reformation is sought, it is an obvious corrollary that such allegations must likewise be full and satisfactory.

4. A court of equity cannot grant relief when the complainant's own showing in his bill demonstrates a want of equity in his prayer.

Appeal from Circuit Court, Taylor County; M. F. Horne, Judge.

Decree affirmed.

*W. B. Davis,* for Appellant;

*W. T. Hendry,* for Appellees.

SHACKLEFORD, J.—The Interstate Lumber Company, a corporation, filed its bill in chancery against H. L. Fife, C. O. Hunter and N. J. Hunter, his wife, J. T. Blair and Daisy Jones Blair, his wife, C. B. McLeod and Julia McLeod, his wife, S. A. Hinely and Mamie Hinely, his wife, J. P. Turner and Blanche Perry Turner, his wife, D. C. Malloy and Lessie May Malloy, his wife, and J. H. Malloy and Dona E. Malloy, his wife, whereby an injunction was sought to stay an action at law instituted against the complainant by H. L. Fife and to reform the descriptions in certain specified leases. The bill also contains the general prayer for relief. The defendant H. L. Fife, filed her answer wherein she denied material allegations in the bill upon which the complainant based its claim and right to relief, and also filed a demurrer, questioning the equities of the bill. The court made an order, denying the injunction, and subsequently rendered a decree, sustaining the demurrer and dismissing the bill as to the defendant, H. L. Fife. The complainant has entered its appeal from such decree and has assigned as errors the refusal of the injunction, the sustaining of the demurrer and the dismissal of the bill.

Very concisely stated the bill alleges that the Board of Education of the State of Florida, on the 20th day of

November, 1902, conveyed to J. M. Faulkner the south-east quarter of the northwest quarter and the northeast quarter of the southwest quarter of section sixteen, in township four south of range eight east; that, on the 4th day of January, 1905, J. M. Faulkner and wife conveyed such land to C. B. McLeod, J. T. Blair and S. A. Hinely, partners trading and doing business as C. B. McLeod & Company; that, on the 12th day of September, 1905, the said McLeod, Blair and Hinely, joined by their wives, conveyed such land to C. O. Hunter, which deed contained the following stipulation: "It is understood that the parties of the first part reserves the turpentine and saw mill privileges, on said land for a period of ten years from the date hereof together the right to enter upon said land with tram and railroads for the purpose of cutting, working and removing said timber during said ten years. It is further agreed that no tram or railroad shall be run through any place of land under cultivation without paying for same and to have timber for farm use and reserve dead and cypress timber and green timber down to fourteen inches." The bill further alleges that, on the 11th day of November, 1911, C. O. Hunter and wife conveyed such land to Mrs. H. L. Fife, the defendant, who had instituted an action at law against the complainant which the complainant seeks to have stayed. The bill further alleges that such deed from Hunter and wife to Mrs. Fife contains no reservations, but that Mrs. Fife never acquired any interest in the timber on the land, except such interest as was set forth in the deed from McLeod and the others above named to Hunter, for the reason that such deed was "duly and properly recorded", (though the bill fails to allege when or where the same was recorded), "and the

said H. L. Fife knew and was held to notice of the terms, conditions and provisions of and contained in the said deed" from McLeod and others to Hunter. The bill proceeds to allege that, on the 27th day of January, 1906, C. B. McLeod and S. A. Hinely, joined by their wives, and J. T. Blair, then unmarried, executed a timber lease to D. G. Malloy, J. H. Malloy and J. P. Turner, partners trading and doing business under the firm name and style of Malloy Brothers & Turner, by which they conveyed to such grantees all the timber upon the southeast quarter of the northeast quarter and the northeast quarter of the southeast quarter of Section 16, in township 4 south of range 8 east, which said timber is hereby leased and conveyed to said parties of the second part upon the same terms and conditions and for the same period as said timber was reserved by said parties of the first part in a certain deed made and executed by them and one A. F. Blair, who was then and there the wife of J. T. Blair, to C. O. Hunter, on the 12th day of September, A. D. 1905, and which said deed was on the 11th day of October, 1905, duly recorded in the office of the Clerk of the Circuit Court of Taylor County, Florida, in deed book "S" on page 355. The bill further alleges that "by an error and mistake" the land was erroneously described in such lease, though the same was correctly described in the deed specifically referred to therein; that, on the 22nd day of December, 1905, D. C. Malloy, J. H. Malloy and wife and J. O. Turner made and executed a lease and deed to E. C. Bridges wherein and whereby they conveyed to the said E. C. Bridges the timber for saw mill purposes and the saw mill privileges to the timber upon the land first above described, but in the said deed and lease the land was erroneously and incorrectly described

as follows: the southeast quarter of the northeast quarter and the northeast quarter of the southwest quarter of section sixteen, in township four south of range eight east; that, on the 14th day of May, 1906, E. C. Bridges and wife executed a deed and lease to the complainant whereby it was intended to convey "the timber for saw mill purposes upon the land first described," but that the said land upon which the said timber is described as being is erroneously and incorrectly described as the southeast quarter of the northeast quarter and the northeast quarter of the southwest quarter of section sixteen, in township four south of range eight, east.

The bill also contains the following allegations: "Your orator would further show unto your honor that heretofore, to-wit: on the 24th day of February, A. D. 1914, the said H. L. Fife instituted suit in the Circuit Court of Taylor County, Florida, on the common law side in an action of trespass for five hundred dollars damages, such trespass being alleged to have been committed on the land described above as the southeast quarter of the northwest quarter and the northeast quarter of the southwest quarter of section sixteen in township four south of range eight east; that defendant understood and believed that the said suit was for the alleged cutting of trees and saplings that were claimed to be under size, to-wit: fourteen inches and under; that there was no bill of particulars attached to the declaration and defendant did not know that the plaintiff claimed the large timber or any interest therein; that the said plaintiff had never made demand for pay for any timber that was over fourteen inches but had demanded pay for timber that was fourteen inches and under; that on the morning of the 30th of September, A. D. 1914, defendant learned

for the first time that the plaintiff had had a person to go out to the land last above described on the 29th day of September, 1914, and measure and take the measurement of all the timber that had been cut from the land above described and that plaintiff is now claiming the timber that was over fourteen inches and is intending to try to recover for the timber upon the land above described that was over fourteen inches.

Your orator would further show unto your honor that your orator and the officers, agents and employees of your orator had numerous and divers conversations with the said H. L. Fife, and that the said H. L. Fife knew that your orator claimed the timber upon this said land that was over fourteen inches and that the said H. L. Fife knew that your orator cut the said timber claiming the same and that the said H. L. Fife did not object, but allowed and permitted your orator to cut and remove the said timber and the said defendant is estopped from setting up such a claim and pretension.

Your orator would further show unto your honor that your orator knew this land as the Faulkner place and the timber as the timber on the J. M. Faulkner land, and that your orator did not notice the error and mistakes in the description of the land until recently and within the last five or ten days and that when your orator learned that the land was erroneously and incorrectly described your orator was surprised and your orator was also surprised at the contention of the said H. L. Fife, that she could recover for the said timber that was over fourteen inches upon the said land as the said H. L. Fife had made no demand for pay for the said timber and had not contended or claimed that the said

timber was over fourteen inches was her timber or that she had any right or title thereto or interest therein.

Your orator would further show unto your honor that the said H. L. Fife had a farm on this land above described and cultivates the same and has an enclosure thereon, and is in the possession thereof and that as such person in possession she has the right to sue for the cutting of the timber in a court of law and can recover damages for such cutting of the timber and it will be and become necessary for your orator to show the ownership of the timber under the reservation on the said deed of which exhibit 'C' is a copy; that a court of law is incompetent to correct mistakes and has no jurisdiction of the correction of mistakes and that if the said cause is allowed to go to trial at this term of court your orator will not be able to show its title to the said timber on account of the said errors and mistakes in the said lease under which your orator holds and claims the said timber and especially that above the limit and size of fourteen inches.

Your orator would further show unto your honor that your orator went upon the land above described and cut therefrom the timber that was over fourteen inches in diameter at the stump for saw mill purposes and has used the same under the leases above mentioned; that the limit of fourteen inches in the said reservation means, as your orator is advised and believes fourteen inches in diameter at the stump and that is the most favorable construction of the same for the defendant H. L. Fife.

Your orator would further show unto your honor that the case of H. L. Fife against your orator for the cutting of the timber upon the said land and for the pretended trespasses in the cutting of the said timber is now

ready for trial on the common law side of the Circuit Court of the Third Judicial Circuit of Florida, in and for Taylor County, and unless enjoined the said cause will be tried at this term of the said court and your orator will be done irreperable injury, as the matter of the committing of a trespass in the cutting of the timber that was over fourteen inches in diameter will be *res adjudicata.*"

As we held in Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597, it is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. This principle applies to all bills in equity, but is especially applicable to bills seeking an injunction, the rule being that the title or interest of the complainant and the facts upon which he predicates his prayer for such relief must be stated positively, with clearness and certainty. The bill must state facts and not opinions or legal conclusions.

We would also refer to Knight, Norman & Co. v. Turner Cypress Lumber Co., 55 Fla. 690, 45 South. Rep. 1016, wherein we fully discussed the principles of law applicable to the reformation of written instruments by a court of equity and what the bill should allege. Testing the bill in the instant case by the principles enunciated in the cited case, it is obvious that such bill is fatally defective. See also the discussion and the authorities cited by the writer in his dissenting opinion in Crosby v. Andrews, 61 Fla. 554, 55 South. Rep. 57, 26 Ann. Cas. 420. We are clear that the complainant failed to make or state such a case in its bill as would warrant a court

of equity in decreeing the reformation of the written instruments therein described. As we held in Durham v. Edwards, 50 Fla. 495, 38 South. Rep. 926, a court of equity cannot grant relief when the complainant's own showing in his bill demonstrates a want of equity in his prayer.

Further discussion seems unnecessary. We think that the application for an injunction was rightly refused, the demurrer of Mrs. H. L. Fife to the bill properly sustained and the bill correctly dismissed as to her, therefore the decree appealed from must be affirmed.

TAYLOR, C. J., and COCKRELL and ELLIS, JJ., concur.

WHITFIELD, J., absent.