CARRIE WHITE CARSON, *et vir.*, v. COUNCIL BRYAN PALMER, and W. L. PRATER.

190 So. 720
Division B
Opinion Filed July 28, 9319

*Jos.· A. Edmondson,* for Plaintiff in Error;

*Oven & Oven,* for Defendants in Error.

BROWN, J.—Plaintiffs filed their declaration in an action of ejectment, claiming title to 'the East 25 feet of the West half of the East half of Lot 19 in the North half of the County Quarter Addition" to the City of Tallahassee, Leon County, Florida. The bill of particulars attached to the plaintiffs' declaration sets forth chronologically the chain of title upon which they would rely at the trial. The chain of title contains eleven instruments numbered from 1 to 11, inclusive.

The instrument numbered five (5) in plaintiffs' chain of title is described in the plaintiffs' bill of particulars as follows:

"The following described lot piece or parcel of ground, situated, lying and being in the City of Tallahassee, and known and described as lot Number six (6) forming a part of block N one hundred of that part of said City known as the North half County Quarter, said lot piece or parcel of ground being bound on the North by Jefferson Street, extending 260 feet on the South by lot number 20 extending 260 feet on the East by Lot No. 10 extending 130 feet on the West by McComb Street extending 130 feet."

There are two grantors in the deed· described by the names of "Gabriel Hernandez" and "Clementer Hernandez." The names signed to the deed as grantors are, Gabriel Hernandez and Clementine Hernandez. The instrument was not sealed by the grantors. The execution of the instrument by the grantor Gabriel Hernandez was proved for record by Glover A. Ball, one of the subscribing witnesses; but the

instrument was not acknowledged by the other grantor, nor was the execution proved for record by either of the two subscribing witnesses.

The defendants filed two motions, one to have the Court declare the instrument numbered (5) in the plaintiffs' chain of title to the premises described in their declaration as insufficient as a link in the said chain of title and to refuse to admit the same in evidence at the trial; and the second, to have the court strike said instrument numbered (5) from the bill of particulars.

Both of these motions were granted. Plaintiffs then filed written statements to the effect that they would be unable to maintain their cause by reason of the granting of said motions. Final judgment was entered for the defendants. The plaintiffs assign as error the granting of each of the above mentioned motions.

Counsel for both the plaintiffs and the defendants have presented several questions to this Court for determination. All of these questions resolve themselves into the single ultimate question of whether parol evidence is admissible to determine the intention of the grantor as to which of the two described parcels of land was intended to be conveyed by the instrument set out above. And that, too, in an action of ejectment, not between the parties of the original deed; and not in a suit in equity to reform the deed. Plaintiffs in error contend that if the court had not stricken the deed, they could have introduced evidence, and offered to do so in their bill of particulars, to show that in the light of the facts *aliunde* the deed itself, the metes and bounds description showed the real intent of the grantor and showed that the grantors intended to convey Lot 19 instead of Lot 6, which latter lot the grantors had already conveyed to another person before executing the deed to Lucinder Dent, and

that Lucinder Dent went into possession of said Lot 19 and lived thereon many years before her death. Plaintiffs in error in their bill of particulars set forth the other instruments and facts by which they intended to prove to show the intention of the grantor. In support of their contention in this regard, plaintiffs in error rely upon Hardee v. Horton, 90 Fla. 452, 108 So. 189, and Hancoy Holding Co. v. Lambright, 101 Fla. 128, 133 So. 631. Neither of these cases were ejectment actions. Even so, it was held in Hardee v. Horton that where land is explicitly described in a deed, and a further description is added which is of doubtful import, or repugnant to the first, such latter description will be rejected.

It is a well settled rule that where the description is clear and intelligible, parol evidence is not admissible to control the legal effect of it, but a construction must be put upon the terms used in the deed itself. Andreu v. Watkins, 29 Fla. 390, 7 So. 876; 4 Thompson on Real Property, par. 3086, at page 174, and the cases cited there.

Upon examination of the description contained in the instrument under consideration it is readily seen that there are two separate and distinct pieces of property clearly and intelligibly described. The instrument clearly shows the grantors' intent to convey but one of the parcels of property therein described.

The sole question is which lot, piece or parcel of land did the grantors intend to convey?

There are cases holding that where the description of land in a deed or mortgage is in some respect vague, uncertain or indefinite, parol evidence is admissible, to explain and remove, by proof of pertinent facts existing at the time, the uncertainty, and to identify the property intended to be conveyed, thus giving effect to the intention of the parties

to the instrument. Hogans v. Carruth, 18 Fla. 587; Coffee
v. Goover, *et al.*, 20 Fla. 64; Port Wentworth Terminal
Corp. v. Equitable Trust Co., C. C. A. (5th), 18 Fed. (2d)
397; 18 C. J. 280, Sec. 248. In this connection see Neves
v. Flannery, 111 Fla. 608, 149 So. 618; Sickler v. Melbourne
Bank, 118 Fla. 468, 159 So. 678; McCormick-Hannah, Inc.,
v. Magruder, 121 Fla. 142, 163 So. 407.

There are, however, exceptions to this rule. One of the
recognized exceptions is that of a patent ambiguity. A
patent ambiguity in the description of land is such an un-
certainty appearing on the face of the instrument that the
Court, reading the language of the instrument in the light of
all facts and circumstances referred to therein, is unable to
derive therefrom the intention of the parties as to what land
was to be conveyed. Compre Resurrention Gold Mining
Co. v. Fortune Gold Mining Co., 64 C. C. A. 180, 129 Fed.
668; Brannan v. Henry, 142 Ala. 698, 110 Am. St. Rep. 55,
39 So. 92.

This type of ambiguity may not be removed by parol evi-
dence, since that would necessitate the insertion of new
language into the instrument, which under the parol evidence
rule is not permissible. Craven v. Butterfield, 80 Inc. 503,
where the Court said: "Courts never permit parol evidence
to be given, first to describe the land, and then to apply the
description"; Fagan v. Walter, 115 Wash. 454, 197 Pac.
635; Snyder v. Tobinett, 78 W. Va. 88, S. E. 599.

A deed, which on its face contains two inconsistent de-
scriptions, either of which would identify a different parcel
of property from that described by the other, is void for
uncertainty; provided there be not other language in the
instrument which shows the grantor's intent sufficiently for
the Court to determine which piece or parcel was intended
to be conveyed. Hall v. Bartlett, *et al.*, 158 Cal. 638,

112 Pac. 176; 4 Thompson on Real Property, par. 3087 at page 175. In interpreting instruments courts are always inclined to that interpretation which will give effect to the instrument; but where there is nothing in the instrument to show the grantor's intention as to which lot was to be conveyed, the courts are powerless and can do nought but declare the instrument a nullity.

In the instant case the deed contained two conflicting descriptions, each being fairly clear and intelligible and each, as applied to the plat, describing entirely different pieces of land. There is nothing in the instrument, in the form of other language, indicating which parcel was intended to be conveyed. Therefore the deed is void for uncertainty.

See also in this general connection 2 Devlin on Real Estate, p. 2116, and Thompson on Real Property, 269.

The lower court properly struck the instrument set out above as a link in the plaintiffs' chain of title as claimed in the bill of particulars. Also the lower court properly refused to admit or allow the deed to be introduced into evidence at the trial. Under the facts of this case if the lower court erred in declaring the instrument to be a conveyance of Lot (6) six, this has in no manner prejudiced the plaintiffs and is therefore harmless error.

All other questions presented have been carefully considered but as they are not essential to the disposition of this case we do not now pass upon them.

For the above reasons the judgment of the lower court is affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.