97 So.2d 865 (1957)
John H. CONNELLY, as Executor of the Estate of Sam Raymond, Deceased, Appellant,
v.
Alleen SMITH, Appellee.
No. 57-114.
District Court of Appeal of Florida. Third District.
November 7, 1957.
Rehearing Denied November 29, 1957.
Fogle & Fordham, Miami, for appellant.
Anderson & Nadeau, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
This is an appeal from a final decree of the Circuit Court of Dade County quieting title to certain real estate.
One Sam Raymond, shortly prior to his death, executed some thirty deeds to various persons by which he transferred approximately 1,000 parcels of real estate. The appellee, Alleen Smith, received a deed made five days before the grantor's death covering two parcels, which were described in the deed as follows:

*866 "Tract 47, West of Canal, less FEC R/W, Florida Fruit Land Co.'s Subdn., in Section 29, Township 52 South, Range 40, containing 52 acres more or less, according to Plat Book 2 at Page 17, Public Records of Dade County, Florida.
"The South 66 feet of Tract 25 South and West of Canal & Ry. R/W as per Plat Book 2, at page 17, of the Public Records of Dade County, Florida."
The obvious incompleteness and ambiguity in the part of the description relating to the second of the two parcels involved prompted the controversy.
The grantee Smith sued the executor of the estate of the then deceased grantor, seeking a decree quieting title to the property and in the alternative to reform the deed to show a section, township and range. The allegations of the complaint were as follows:
"1. The plaintiff is the owner of the following described property, situated in Dade County, Florida:
"The South 66 feet of Tract 25 South and West of Canal & Ry. R/W as per Plat Book 2, at page 17, of the Public Records of Dade County, Florida, Section 3, Township 53 South, Range 40 East, Florida Fruit Land Co.'s Subdn.
by reason of a warranty deed executed and delivered by Sam Raymond, a single man, to the plaintiff during his lifetime.
"2. The said deed, when executed and delivered, did not contain any Section, Township or Range reference.
"3. The decedent owned no other property which could be confused with the property above described as shown in Plat Book 2, Page 17.
"4. The defendant claims some right, title and interest in said property.
"5. The plaintiff's rights in said property are superior to all others, and the plaintiff has paid the taxes on said property. The claim of the defendant constitutes a cloud on plaintiff's title."
The defendant executor answered and denied the plaintiff's ownership of the property, and averred: "For further answer to the complaint, defendant states that the subdivision referred to in the description above set forth, contains one hundred twenty-one (121) Tract 25's, said subdivision being a subdivision of approximately one hundred twenty-five (125) to one hundred thirty (130) sections of land that are divided in accordance with various tracts as designated on the plat; that after the recordation of the deed above described and the return of the deed to the plaintiff, the plaintiff altered said deed and the description contained thereon, by adding `Section 3, Township 53 South, Range 40 East, Florida Fruitland Co's Subn', and re-recorded said deed; that the deed, as originally recorded, was a nullity as said deed failed to describe any property with certainty."
The defendant's answer contained a counterclaim seeking to have the deed declared to be a nullity for insufficient and defective description, and for a decree quieting title in the defendant.
The case was tried before the court. The plaintiff produced a surveyor, a licensed civil engineer, who testified that from the description in the deed he was able to locate two parcels, either one of which could be the property in question. They were section 33, township 52 south, range 40 east, and section 3, township 53 south, range 40 east. The defendant produced a surveyor who had attempted to determine the location of the property from the plat and had been unable to do so. He was asked whether the plat showed "the canal" cutting through any tracts numbered 25. His answer was that the plat showed the canal cutting through a tract numbered 25 in section 17, township 52 south, range 39 cast and a tract *867 numbered 25 in section 11, township 53 south, range 40 east. He further testified that his survey did not show a canal cutting through those locations as indicated on the plat, but on the contrary, he found a canal cutting through tracts numbered 25 in the same two sections as so found by the plaintiff's surveyor. However, those locations where the canal cut across tracts numbered 25, both lie north and east of the canal in question, according to the plat, rather than south and west of the canal as required by the deed description.
The best the surveyors could do was to locate two separate parcels either one of which they said could come within the description. This attempted location of the property by these surveyors was of no help in this case, because they could not locate any one parcel as being the one conveyed. Hoodless v. Jernigan, 46 Fla. 213, 35 So. 656; Martin v. Kitchen, 195 Mo. 477, 93 S.W. 780. The surveyors were directed to look for tracts numbered 25 which were traversed by a canal. They proceeded on the assumption that the description did not refer to a tract 25 lying south and west of a canal, but to the south 66 feet, lying south and west of a canal in a tract 25 which itself might or might not be south and west of the canal. The description furnished no basis for that assumption. For example, the description did not say the south 66 feet lying south and west of a canal in tract 25, etc. The description said the "south 66 feet of tract 25 south and west of canal", etc. A more reasonable interpretation is that the language places the tract 25 which it referred to as being south and west of the canal  not just the south 66 feet of the tract as being south and west of the canal.
The plat was designated as "Florida Fruit Land Company's Subdivision No. 1, in Dade County, Florida," and was dated February 1, 1911. It covered several hundred square miles. It was checkerboarded by sections, and, with some omissions, the alternate sections were cut up into 64 tracts to the section and numbered consecutively. The description in the deed referred to a tract 25 south and west of a canal and railroad right of way, according to that plat.
The plat shows no railroad right of way. It does show three canals. Two of the canals run from northwest to southeast. One of the canals runs east and west. What we will refer to as the first canal commences near the northwest corner of the plat and runs across the north part in a southeasterly direction. It does not traverse any tracts numbered 25, but the plat reveals a total of 101 sections which could be described as lying south and west of that canal in which there were tracts numbered 25. The second canal which runs east and west near the center of the plat need not be considered.
As to the third canal, which crossed diagonally from northwest to southeast in the southern or lower part of the plat, there are a total of 21 sections lying south and west of that canal, in which there are tracts numbered 25. Therefore, according to the plat, a surveyor would find 101 tracts numbered 25 lying south and west of the first canal and 21 tracts numbered 25 lying south and west of the third canal.
The description in question was insufficient because it did not show the section, township and range, and because a surveyor, on the basis of the information it contained, could not point to any parcel as being the one intended to be conveyed.
In Hoodless v. Jernigan, supra, 46 Fla. 213, 35 So. 656, 660, the Court held that a deed with an insufficient description, from which surveyors could not locate the property, was a nullity, saying:
"While it is true, as held by this court in Campbell v. Carruth, 32 Fla. 264, 13 So. 432, that `if the description of the land conveyed in a deed is such that a surveyor, by applying the rules of surveying, can locate the same, such description is sufficient, and the deed will be sustained, if it is possible, from the whole description, to ascertain and identify the land intended to be conveyed,' it is also true that the description *868 of the premises conveyed must be sufficiently definite and certain to enable the land to be identified; otherwise it will be void for uncertainty. See Commyns v. Latimer, 2 Fla. 71; Bellamy v. Bellamy's Adm'r, 6 Fla. 62; 2 Devlin on Deeds (2d Ed.) § 1010, and numerous authorities cited in note. Also see Buesing v. Forbes, 33 Fla. 495, 15 So. 209. A careful examination of the deed in question discloses that the description therein is so vague and indefinite that a surveyor would not be able to locate the land therein attempted to be conveyed. We are further of the opinion that the attempted description is a nullity, and therefore no land was conveyed thereby. No error was committed by the court in excluding it."
A deed in which the description is incomplete by not showing the section, township and range, displays a patent ambiguity as distinguished from a latent ambiguity, and as such is not remediable by extrinsic evidence.
In two cases cited below this exact situation arose, and it was held that the failure of a deed to show the township and range, resulting in an inability to locate the property from the description, was a patent ambiguity and that the material which was lacking in the description could not be added or supplied by extrinsic evidence.
In Martin v. Kitchen, supra, 195 Mo. 477, 93 S.W. 780, 781, two deeds were under examination in which the description was "the northwest quarter of section 7 north of Castor river." There were several sections numbered 7 north of the river, and without a designation of the township and range it could not be determined which was intended. The opinion of the Missouri Supreme Court with reference to that description is enlightening, and applicable in this case, as follows:
"It may be admitted land may be conveyed by any description sufficient to identify it. It may be admitted, further, that parol proof is admissible to identify the subject of a grant. Marvin v. Elliott, 99 Mo. 616, 12 S.W. 899. And that if ambiguity in a grant be created by extrinsic evidence, it may be dissipated in the same way. But all these principles do not assist respondents in this case. Their evidence falls short of showing that the locus was known in the community by the description, `north of Castor river.' That description might as well suit any land north of Castor river in any section 7 in Stoddard county. In this case there are shown to be several sections 7 in Stoddard county north of Castor river. And, bringing the matter closer home, there was at least one other section 7 in a different township and range in that county through which Castor river actually flowed and which had a northwest quarter north of and adjacent to the said river. In this condition of things with no township or range mentioned in the deeds, we have presented to us a plain and typical case, not of a latent ambiguity which might or might not be dissipated by parol proof identifying the subject of the grant, but of a patent ambiguity making the deeds absolutely void and as of no effect as the basis of a strict legal title. It will not be necessary to go into a consideration of the case law to any extent; for the case at bar is on all fours, in this respect, with Mudd v. Dillon, 166 Mo. loc. cit. 120, 65 S.W. 975 (q.v. with cases there cited). See, also, other cases in point cited in appellants' brief. This branch of the case may be disposed of with the suggestion that the supplementary parol proof and the documentary proof, other than the two deeds, tended to intensify and deepen the ambiguity, rather than to dissipate it. But in this case such proof was not admissible. `Courts never permit parol evidence to be given, first to describe the land sold, and then to apply the description.' Ferguson v. Staver, 33 *869 Pa. 411. In Bowers v. Andrews, 52 Miss. 596, referring to conveyances, it was said: `But none will deny that when the mere perusal of the instrument shows plainly that something more must be added before the reader can determine which of several things is meant by it, the rule is inflexible that no evidence can be admitted to supply the deficiency.' See, also, Haughton v. Sartor, 71 Miss. 357, 15 So. 71."
Fuller v. Fellows, 30 Ark. 657, also dealt with a description which was defective for failure to state township and range, as to which the Court said:
"* * * The description must be found in the deed with sufficient certainty to locate the land. Doe ex dem. Phillips' Heirs v. Porter, 3 Ark. 18; Mooney v. Cooledge, ante.
"That there was no such certainty in the description given of the land intended to be conveyed, is evident. The deed describes certain parts of quarter sections, but altogether fails to give any description of township, range or county. This is a patent omission. * * *
* * * * * *
"There were no ambiguous terms in this deed, nothing to interpret, the terms were all plain, and the description perfect as far as it went. But it was patent, that a further description was necessary. And whilst parol evidence is admissible to explain what is meant by the use of terms, as for instance, if the grant be of a tract called `black acre,' evidence is admissible to show what tract was intended to be conveyed by that description, but where there is a lack of description a neglect to describe, there is nothing which can be explained or made plain by parol evidence, such evidence, if admissible, would add to the description, but not explain that given in the deed."
Where a plat is referred to in the deed it may be considered a part of the instrument, to aid the description (Bank of South Jacksonville v. Camar, 89 Fla. 296, 103 So. 827). However, that rule is of no help here. Not only does the plat fail to supply the missing data which renders the description insufficient, but an inspection of the plat shows there are over 100 tracts numbered 25 as referred to in the incomplete description. Thus, resort to the plat, as said of outside evidence in the Missouri case, "tended to intensify and deepen the ambiguity, rather than to dissipate it."
The plaintiff prayed in the alternative for reformation of the deed. The reformation needed was to supplement the description by adding the section, township and range, all of which were omitted. The complaint failed to meet the established requirements to make out a case for reformation. See Horne v. J.C. Turner Cypress Lumber Co., 55 Fla. 690, 45 So. 1016, 1018-1019; Interstate Lumber Co. v. Fife, 70 Fla. 178, 69 So. 715, 717; Bexley v. High Springs Bank, 73 Fla. 422, 74 So. 494.
Where a patent ambiguity results from the omission of essential matter from a deed description, courts will not permit parol evidence to be given, first to show what land was meant to be conveyed, and then to create and supply its description. Martin v. Kitchen, supra. In Carson v. Palmer, 139 Fla. 570, 190 So. 720, 722, the Supreme Court said:
"* * * A patent ambiguity in the description of land is such an uncertainty appearing on the face of the instrument that the Court, reading the language of the instrument in the light of all facts and circumstances referred to therein, is unable to derive therefrom the intention of the parties as to what land was to be conveyed. Compre Resurrection Gold Mining Co. v. Fortune Gold Mining Co., 8 Cir., 64 C.C.A. 180, 129 F. 668; Brannan v. Henry, 142 Ala. 698, 39 So. 92, 110 Am.St.Rep. 55.
"This type of ambiguity may not be removed by parol evidence, since that *870 would necessitate the insertion of new language into the instrument, which under the parol evidence rule is not permissible. Craven v. Butterfield, 80 Ind. 503, where the Court said: `Courts never permit parol evidence to be given, first to describe the land, and then to apply the description.' Fagan v. Walters, 115 Wash. 454, 197 P. 635; Snider v. Robinett, 78 W. Va. 88, 88 S.E. 599."
We conclude that the conveyance attempted to be made through the description in question was not effective, and the deed was a nullity to that extent. The grantee's voluntary inclusion in the description in the deed, after its execution and delivery, of a section, township and range, and re-recording of the deed thus altered, furnished a basis and need for the defendant-counterclaimant to be granted the relief prayed for in the counterclaim.
Accordingly, the decree is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.