PEARSON, Judge.
Taylor, as lessee, brought his complaint in equity praying for the reformation of his lease from Smith, the lessor. Patterson, as the subsequent grantor of the remainder, was also made a defendant. In addition to reformation of his lease in order to describe certain disputed land, Taylor sought an order restraining Smith and Patterson from interfering with his possession of the disputed land. Patterson and Smith defended upon the ground that the lease was invalid because it did not contain a proper description of the property to be demised. The chancellor reformed the lease and entered the injunctive order. From this decree Smith and Patterson, the defendants, bring this appeal and we affirm.
The lease was executed by Smith as landlord. It was prepared in the office of an attorney with both Smith and Taylor present. There is conflict in the evidence as to whether this attorney represented both Smith and Taylor or Smith alone. It is *390 contended by Smith, as appellant here, that it was agreed by the parties at the conclusion of tile meeting in the attorney’s office that the duplicate typewritten instruments would be completed by .inserting photostats of a survey, then before the parties, of the plot of land leased. All parties agree that the attorney was to take the survey, on which the premises in question were marked off, to an establishment which would make the photostats and that Taylor, the lessee, was to reclaim the photostats from this establishment and deliver a copy to Smith and one to the attorney, retaining one for himself. Further, that each party would insert a copy of the photostat at page two of the lease so that each party would have a copy of the lease complete with the description of the land demised. The appel-lee, Taylor, recovered the photostats but failed to deliver them to anyone. The chancellor found the lease capable of reformation and in the decree set forth an area to be covered by the lease which is considerably larger than that which appellants contended was demised.
The first assignment of error is as follows :
“That the lower court erred in reforming the alleged lease made a subject matter of this litigation in that the same could not be reformed due to said alleged lease being invalid and, in fact, non existent ab initio. The . defendants claim that a lease that never existed cannot be reformed.”
We have previously had occasion to apply the principles set forth by the Supreme Court of Florida in Carson v. Palmer, 139 Fla. 570, 190 So. 720, 722. See Allison v. Rogero, Fla.App.1959, 112 So.2d 578; Connelly v. Smith, Fla.App. 1957, 97 So.2d 865, 869. A patent ambiguity in the description of land is therein defined as “such an uncertainty appearing on the face of the instrument that the Court, reading the language of the instrument in the light of all facts and circumstances referred to therein, is unable to derive therefrom the intention of the parties as to what land was to be conveyed.” It was held that courts will never permit parol evidence to be given first to describe the land and then to apply the description.
We hold however that the facts of the instant case do not come within the area of this restriction. An examination of the record in the light most favorable to the decree which has been entered, reveals that the lease was actually drawn and completed in the attorney’s office and that it was thereafter dismembered so that copies of the lease might be completed. This appears from the testimony of the attorney who drew the lease. Upon being presented with a copy of the lease he identified it and added: “ * * * it was supposed to contain and did contain a copy of this survey you showed me previously.” It thus appears that there was testimony upon which the chancellor could determine that the lease agreement was completed in the office of the attorney and that thereafter the copy of the survey was removed therefrom for the purpose of photostating the same. Since the chancellor found this to be true he did not find the instrument to be void as a matter of law because of a failure of description. The chancellor was not faced with a void instrument but with one which had been dismembered after delivery without the intention to destroy its effect. The real factual controversy before the chancellor was as to the location of the property the parties intended to be included in the lease.
 The chancellor, having found the contents of the lease as drawn by the parties, then proceeded upon plaintiff’s prayer for reformation of the lease to describe correctly the land intended by the parties to be conveyed. Tampa Northern R. Co. v. City of Tampa, 104 Fla. 481, 140 So. 311, 141 So. 298. Appellants’ second assignment challenges the sufficiency of the evidence to support the chancellor’s finding in this particular. The evidence before the chancellor, while conflicting as to what the *391 interested parties claimed was the amount of land demised, clearly showed that appel-lee expended large sums of money improving a section of property exceeding that which appellants claimed was leased with their full knowledge over a period of time. From this and other evidence before the chancellor we agree that a mistake was clearly proved. When a plain mistake is clearly made to appear by satisfactory proof, relief should be granted. Jackson v. Magbee, 21 Fla. 622, 627; cf. Crosby v. International Investment Co., Fla.App. 1958, 101 So.2d 15.
The remaining assignment challenges the sufficiency of the evidence to authorize the chancellor’s action in holding the defendant, Patterson, in contempt for the willful violations of an injunctive order which was necessary to enforce the court’s decision. The record does not support the assignment.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.