566 So.2d 866 (1990)
WESTERN WORLD, INC., Joe Anderson and Dan Fletcher, Appellants,
v.
Grace H. DANSBY, Appellee.
No. 89-2549.
District Court of Appeal of Florida, First District.
September 5, 1990.
Mary M. Piccard and F. Alan Cummings of Cummings, Lawrence & Vezina, P.A., Tallahassee, for appellants.
*867 Carl R. Pennington, Jr., and Cathi C. Wilkinson of Pennington, Wilkinson, Dunlap and Camp, Tallahassee, for appellee.
ZEHMER, Judge.
This is an appeal from a final declaratory judgment that declared an agreement for lease and option to purchase null, void, and unenforceable. We reverse.
On July 20, 1983, appellee, Grace H. Dansby, as landlord, and appellants, Western World, Inc., Joe Anderson, and Dan Fletcher, as tenants, entered into the subject agreement for lease and option to purchase the premises described as "2309 Apalachee Parkway" in Tallahassee, Florida. Mrs. Dansby thereafter sold a portion of the land adjacent to the structure and parking area at the above address to another party. Although not used at all times by the appellants, this adjacent land had been used by appellants from time to time for purposes related to their business. Eventually, a dispute arose and Mrs. Dansby sued appellants, contending that they had breached certain terms and provisions of the lease agreement and failed or refused to deliver possession of the leased premises to her pursuant to her notice of termination. Mrs. Dansby's complaint sought a declaratory judgment determining her right to termination of the lease and possession of the property; a judgment for damages with interest, costs, and attorney's fees; and a determination of the validity of the lease and option to purchase, contending that the description of the property in the lease was too vague to be legally sufficient.
In the appealed final declaratory judgment, the court below found it impossible to determine the property boundaries actually described by the words "2309 Apalachee Parkway" contained in the lease. The judgment cites Carson v. Palmer, 139 Fla. 570, 190 So. 720 (Fla. 1939), for the proposition that, where nothing in the instrument shows the grantor's intention as to which lot is to be conveyed, the court is powerless and can do nothing but declare the instrument a nullity. On this authority, the court declared the lease and option agreement null, void, and unenforceable and declared the appellants to be month-to-month tenants at will. It further declared that any notice given under the lease was invalid.[1]
Appellants raise three issues on appeal: (1) whether the trial court erred in declaring the lease agreement a nullity; (2) whether the lease agreement was wrongfully terminated under these circumstances, because the anti-waiver provision merely states that the waiver by the landlord of any right under the lease does not operate to waive any other rights landlord might have under the agreement, and the notice of termination was, therefore, not effective; and (3) whether the trial court erred in failing to credit appellants with that portion of the rent payments attributable to the option to purchase. On cross-appeal, the appellee asks this court to determine, to the extent the lease agreement was ever valid, whether the lease was properly terminated.
In Carson v. Palmer, supra, the court held that where a deed contained two conflicting descriptions of land, each clear and intelligible and each describing an entirely different piece, and there was no other language in the instrument indicating which parcel was intended to by conveyed, the deed was void for uncertainty. 190 So. at 722. In Connelly v. Smith, 97 So.2d 865 (Fla. 3d DCA 1957), cert. denied, 101 So.2d 811 (Fla. 1958), a conveyance of land was attempted by a description that did not contain the section, township, or range of the property so that even a surveyor, on the basis of the information contained in the instrument, could not point to any parcel as being the one intended to be conveyed. The court held that where an essential matter is omitted from a deed description so that a patent ambiguity results, parol evidence will not be allowed in order to determine what land was meant to be conveyed.
*868 We find the doctrine of these cases cited by appellee inapplicable in the instant case because no patent ambiguity exists in the lease and option agreement before us. The parties clearly intended to lease that property described by the words "2309 Apalachee Parkway, Tallahassee, Florida" and the acts of both parties have demonstrated that intention over a period of some six years. Indeed, no controversy arose as to their intent until the notice of termination was issued. Where a lease and option to purchase agreement identifies a parcel of land by a street address and names the city and state in which it is located, then no patent ambiguity exists and the court should properly receive parol evidence to determine the intent of the parties in light of surrounding circumstances so as to overcome any latent ambiguity regarding the extent of the parcel intended to be conveyed. See Lente v. Clarke, 22 Fla. 515, 1 So. 149 (Fla. 1886); S.S. Jacobs Company v. Weyrick, 164 So.2d 246 (Fla. 1st DCA), cert. denied, 169 So.2d 388 (Fla. 1964); Paterson v. Brafman, 530 So.2d 499 (Fla. 3d DCA 1988); Westinghouse Credit Corporation v. Grandoff Investments, Inc., 297 So.2d 104 (Fla. 2d DCA 1974). Cf. Carson v. Palmer, supra; Connelly v. Smith, supra.
In view of this disposition, we find it unnecessary to reach the remaining issues raised by the parties. The appealed order is reversed and the cause is remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
MINER and ALLEN, JJ., concur.
NOTES
[1] Appellants stated at oral argument that the court found the notice of termination invalid based on its declaration that the contract was void.