955 So.2d 1110 (2006)
Danny K. WHITE and wife, Laura Michelle White, Appellants,
v.
Troy SYFRETT, Appellee.
No. 1D06-446.
District Court of Appeal of Florida, First District.
November 28, 2006.
*1111 Jeffrey P. Whitton, Panama City, for Appellants.
Larry A. Bodiford of Hutto and Bodiford, Panama City, for Appellee.
KAHN, J.
In this breach of contract case, the trial court dismissed appellants' amended complaint with prejudice. Because the trial court erred by dismissal at such an early stage, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND
Appellants, Danny K. White and Laura Michelle White, filed a complaint for damages, alleging breach of contract, against appellee, Troy Syfrett, concerning the purchase and sale of certain real estate. Syfrett moved to dismiss the complaint, asserting that because it lacked allegations that the Whites complied with all conditions precedent, it failed to state a cause of action. The circuit court dismissed the complaint without prejudice on September 2, 2005.
On September 20, 2005, the Whites filed an amended complaint, again alleging breach of contract. The Whites alleged that, on August 23, 2002, they had entered into a contract with Syfrett for the purchase and sale of certain real estate in Bay County and they attached a copy of the contract as Exhibit A. The Whites further alleged:
3. Pursuant to the terms of the contract, the Plaintiffs and the Defendant agreed to the property to be conveyed based upon an aerial diagram which was drawn to scale. The Plaintiffs reserved the right to approve the actual survey once it was completed to ensure that it conformed to the aerial diagram approved by both parties.
The Whites alleged that, on September 23, 2004, they received a letter returning their $30,000 deposit and advising that Syfrett had decided not to develop the property. The Whites advised Syfrett that they were not accepting return of the deposit and were looking for Syfrett to perform under the terms of the contract. The Whites alleged that Syfrett subsequently "caused the subject property together with surrounding parcels to be sold to a third party thereby depriving the Plaintiffs of the right to acquire the property from the Defendant."
Syfrett filed a Motion to Dismiss, again asserting that the Whites had failed to state a cause of action. Syfrett stated the following particulars:
1. The plaintiff, Laura Michelle White, never executed the contract attached to *1112 the Complaint. Therefore, pursuant to paragraph III, the contract never had an effective date. In addition, the defendant would have had no cause of action against Laura Michelle White to enforce the contract or for any other remedy.
2. The contract fails to allege that all conditions precedent have occurred and in fact said precedents have not occurred, to-wit: Paragraphs 2, 3, 6 and 7 of the Addendum.
3. Paragraph 6 contains an agreement to agree to some condition in the future and when that is an essential element of the contract, the parties have not reached a present meeting of the minds at the time the contract was signed. Further, in paragraph 6, that agreement causes the deposit money to be "non-refundable." Since the survey work was not done and approved, the deposit never became non-refundable.
4. Paragraph XII [sic] of the Addendum caused the contract to be contingent when the paving permits and development orders were obtained by Seller. This paragraph put no requirement on the Seller to obtain the permits and the obtaining of same remained optional to the defendant.
5. Paragraph XI and XII [sic] of the Addendum caused the contract to be illusory in that it affords the defendant the option of performing or not performing.
6. The legal description of the real property is insufficient to form the basis of a contract.
A hearing evidently took place; however, it was not transcribed. On January 11, 2006, the circuit court rendered an Order Dismissing Amended Complaint with Prejudice. The Order essentially adopted paragraph 6 of the motion to dismiss:
The real estate contract which is the subject matter of this litigation fails to adequately describe the real property to be conveyed. The description is so flawed that it constitutes a patent ambiguity which cannot be explained by the admission of parol evidence. See: Carson v. Palmer, 139 Fla. [570], 579, 190 So. 720 (1939). Accordingly, the plaintiffs' amended complaint is dismissed with prejudice.

ANALYSIS
The Whites have appealed and argue that the trial court erred in granting the motion to dismiss.
A motion to dismiss tests whether the plaintiff has stated a cause of action. Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review. When determining the merits of a motion to dismiss, the trial court's consideration is limited to the four corners of the complaint, the allegations of which must be accepted as true and considered in the light most favorable to the nonmoving party.
Bell v. Indian River Mem. Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001) (citations omitted); see Magnum Capital, LLC v. Carter & Assocs., LLC, 905 So.2d 220, 221 (Fla. 1st DCA 2005); Snow v. Byron, 580 So.2d 238, 240 (Fla. 1st DCA 1991). Further, "[c]onsideration of potential affirmative defenses or speculation about the sufficiency of the evidence which plaintiff will likely produce on the merits is wholly irrelevant and immaterial to deciding such a motion." Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 206 (Fla. 3d DCA 2003). Applying the standard to this case, we reverse and remand.
A review of the First Amended Complaint indicates that the Whites sufficiently *1113 stated a cause of action for breach of contract. They alleged the parties had entered into a contract for the purchase and sale of certain real estate, they had deposited $30,000.00 with the escrow agent selected by Syfrett, they later received a letter from the escrow agent attempting to return the deposit and advising that Syfrett had decided not to develop the property, they did not accept the return of the deposit and sought to have Syfrett perform under the terms of the contract, and Syfrett subsequently sold the subject property to a third party. Although the description of the property included in the contract (attached to the complaint) does appear problematic, we are not prepared to say it conclusively negates the claim. See Magnum Capital, 905 So.2d at 220 ("[I]f documents are attached to a complaint and conclusively negate a claim, the pleadings can be dismissed."). Any insufficiencies in the contract or evidence should be raised as defenses by the defendant, Syfrett. See Susan Fixel, Inc., 842 So.2d at 206.
The case relied on by the circuit court does not control. See Carson, 190 So. at 722. In particular, the Carson case did not involve a ruling on a motion to dismiss; rather, it involved an appeal from a final judgment, rendered after the court granted defense motions striking documents critical to the plaintiffs' action. See id. at 721. Indeed, none of the cases cited by Syfrett concern a ruling on a motion to dismiss. In addition, in Carson, the court found a classic patent ambiguity in a deed:
[T]he deed contained two conflicting descriptions, each being fairly clear and intelligible and each, as applied to the plat, describing entirely different pieces of land. There is nothing in the instrument, in the form of other language, indicating which parcel was intended to be conveyed. Therefore the deed is void for uncertainty.
Id. at 722. This is not the situation here  at least not at this point in the litigation. Again, while the description of the property included in the contract appears problematic, the contract does indicate the parties were contemplating a particular piece of property and nothing in the complaint or contract indicates the parties did not understand what property the contract concerned. See Bajrangi v. Magnethel Enters., Inc., 589 So.2d 416, 418-19 (Fla. 5th DCA 1991) (reversing summary judgment and explaining, "The liberal rule of construction as it relates to descriptions, as announced by the various Florida Supreme Court decisions, is that parol evidence is admissible to determine the description so long as the instrument itself shows that the parties were contemplating a particular piece of property  rather than an unspecified piece of property or alternative descriptions or property to be obtained later." (footnote and citations omitted)). See also Carson, 190 So. at 721-22 ("There are cases holding that where the description of land in a deed or mortgage is in some respect vague, uncertain or indefinite, parol evidence is admissible, to explain and remove, by proof of pertinent facts existing at the time, the uncertainty, and to identify the property intended to be conveyed, thus giving effect to the intention of the parties to the instrument. . . . There are, however, exceptions to this rule. One of the recognized exceptions is that of a patent ambiguity. A patent ambiguity in the description of land is such an uncertainty appearing on the face of the instrument that the Court, reading the language of the instrument in the light of all facts and circumstances referred to therein, is unable to derive therefrom the intention of the parties as to what land was to be conveyed. This type of ambiguity may not be removed by parol *1114 evidence, since that would necessitate the insertion of new language into the instrument, which under the parol evidence rule is not permissible." (citations omitted)). Here, the parties attached to the contract a sketch of a subdivision plot, with lines drawn thereon and the buyer's initials next to the drawing. The parties agreed, in the Addendum, to later agree on the exact boundary points of the property, once the survey work was completed. Nothing, other than a statement in Syfrett's motion to dismiss, indicates that this did not occur.
Moreover, with reference to the so-called "agreement to agree" issue, we do not know whether Syfrett performed or breached this provision. We note, in this regard, that "every contract includes an implied covenant that the parties will perform in good faith." Champagne-Webber, Inc. v. City of Fort Lauderdale, 519 So.2d 696, 697 (Fla. 4th DCA 1988); see also, e.g., Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1097-98 (Fla. 1st DCA 1999) ("One of the implied contract terms recognized . . . in Florida law . . . is the implied covenant of good faith, fair dealing, and commercial reasonableness. This implied covenant arises because `[a] contract is an agreement whereby each party promises to perform their part of the bargain in good faith, and expects the other party to do the same.' Thus, the implied covenant of good faith and fair dealing is designed to protect the contracting parties' reasonable expectations. . . . Thus, where the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party." (citations omitted)); Fernandez v. Vazquez, 397 So.2d 1171, 1174 (Fla. 3d DCA 1981) ("One established contract principle is that a party's good faith cooperation is an implied condition precedent to performance of a contract. Where that cooperation is unreasonably withheld, the recalcitrant party is estopped from availing herself of her own wrongdoing.").
Further, under the case law presented by the parties, if Syfrett drafted the contract here, then Syfrett may be estopped to assert that the contract is unenforceable. See Bajrangi, 589 So.2d at 420 (finding lessor "estopped to assert that the lease is unenforceable because of the description contained therein" because lessor "chose the description for its own purpose and its attorneys prepared the lease" and lessor "accepted payments for almost two years (until after the purchase price for the sale of the store was completely paid) before raising the description as a defense to the exercise of the option"). This serves as yet another reason why the trial court should not have granted the motion to dismiss.
Finally, none of the other arguments raised by Syfrett in the motion to dismiss have conclusive merit at this stage. Syfrett's argument concerning the failure of appellant Laura White to sign the contract lacks merit because Syfrett himself, "the party to be charged," signed the contract. § 725.01, Fla. Stat. (2002) ("No action shall be brought whereby . . . to charge any person . . . upon any contract for the sale of lands . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized."); see, e.g., Cavallaro v. Stratford Homes, Inc., 784 So.2d 619, 621 (Fla. 5th DCA 2001) ("Pursuant to the statute, no action can be brought to enforce a contract for the sale of land unless the contract is in writing *1115 and signed by the party to be charged."). In addition, Syfrett argued that the following "conditions precedent," set forth in the seven-paragraph Addendum to the contract, had not occurred:
2. Closing within 30 days of County accepting paved road to property.
3. Property to have the same density as the rest of Wells Landing.
. . . .
6. Buyer and seller to agree on boundary points from aerial, than [sic] final approval after survey work has been done. Deposit money becomes non-refundable once survey work has been done and approved by buyer.
7. Contract contingent upon all paving, permits and D.O. being obtained by seller.
The Whites made allegations concerning these points:
3. Pursuant to the terms of the contract, the Plaintiffs and the Defendant agreed to the property to be conveyed based upon an aerial diagram which was drawn to scale. The Plaintiffs reserved the right to approve the actual survey once it was completed to ensure that it conformed to the aerial diagram approved by both parties.
. . . .
5. In accordance with the terms of the contract the Plaintiffs were to close on the contract within thirty (30) days of the County accepting a paved road to the property. The Plaintiffs were periodically advised by the Defendant that he was pursuing the development order for the development of the property with the county and that steps were being undertaken to enable the Defendant to install the paved road as set out in the contract.
6. The Plaintiffs waited patiently for the Defendant to comply with the terms of the contract. . . .
Thus, according to the Whites' allegations, Syfrett had informed them that he was pursuing approval of the development order and the paving of the road. To the extent Syfrett argues the Whites' allegations lack merit, he can test that as the case proceeds.

CONCLUSION
Because the Whites sufficiently stated a cause of action for breach of contract, the trial court erred in going beyond the four corners of the complaint and resolving the case at the motion to dismiss stage. See, e.g., Magnum Capital, 905 So.2d at 221; Bell, 778 So.2d at 1032. Accordingly, we REVERSE the order on appeal and REMAND this case for further proceedings.
BROWNING, C.J., concurs; DAVIS, J., dissents with opinion.
DAVIS, J., dissenting.
Because I agree with the trial court that the property description is patently ambiguous, I respectfully dissent and would affirm.