# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-608
Lower Tribunal No. 2021-CA-002262

_____

LLOYD L. BOWEIN,

Appellant,

v.

JOHN SHERMAN and IRENE SHERMAN,

Appellees.

_____

Appeal from the Circuit Court for Collier County.
Lauren L. Brodie, Judge.

November 17, 2023

WOZNIAK, J.

Lloyd L. Bowein ("Seller"), the owner of real property located in Naples, Florida, appeals a final summary judgment ordering specific performance under a sales contract with prospective buyers, John Sherman and Irene Sherman ("Buyers").[1]  Because the sales contract contained a patent ambiguity based on its

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

conflicting identifications of the property made subject to the sale, rendering the contract void and unenforceable against Seller, we reverse the summary judgment.

Background

Seller listed four properties for sale on the multiple listing service (MLS), with each listing identifying the list price as $2.5 million. Three of the properties were "improved," i.e., had a house built on them, and one property—537 96th Ave. N.— was a vacant lot. Buyers sent Seller a standard form sales contract titled "Sales Contract-As Is (Residential Improved Property)." The sales contract begins with the statement that, if accepted, Seller has agreed to sell "the real property hereafter legally described . . . (the 'Real Property')." The contract expressly states that the "Real Property" and the items on that property will be collectively referenced as the "Property." On line 21, the contract asks for the address of the "Property," which Buyers filled in with "533 96th Avenue North, Naples, FL 34108"—just the one parcel. Line 22 is titled "Legal Description of the Property," and Buyers provided (on Line 23) only the legal description of the one address—"Naples Park Unit 6 BLK 34 Lots 16 + 17":

The address of the Property is: 533 96th Avenue North, Naples, FL 34108_____

LEGAL DESCRIPTION OF THE PROPERTY:
NAPLES PARK UNIT 6 BLK 34 LOTS 16 + 17_____ ,Collier County_____County, Florida.

Lines 29 and 30 state that the purchase price of the "Property" is $2,000,000.

2

However, eight pages later, on line 463 titled "Other Terms and Conditions," Buyers identified all four properties as the subject of their offer:

463   OTHER TERMS AND CONDITIONS:
464   This offer is for
465   541 96th Ave N MLS # 221052213 (NAPLES PARK UNIT 6 BLK 34 LOT 14), 537 96th Ave N MLS # 221052481(NAPLES PARK
466   UNIT 6 BLK 34 LOT 15), 533 96th Ave N MLS # 221052484 (NAPLES PARK UNIT 6 BLK 34 LOTS 16 + 17) ,528 97th Ave N MLS #
467   221052482 (NAPLES PARK UNIT 6 BLK 34 LOT 32)

A dispute between the parties arose as to whether Buyers' offer was $2 million for one property or all four, and Seller refused to close. Buyers filed suit for breach of the sales contract, seeking specific performance, and later moved for summary judgment. The trial court found that, read as a whole and giving meaning to all of the sales contract's provisions, lines 464 through 467 were meaningful and operative and that the "Other Terms and Conditions" portion did not conflict with the earlier Legal Description of the Property. It ordered that all four properties be sold for $2 million and rendered summary judgment for Buyers.

Analysis

"The interpretation of a contract, including whether the contract or one of its terms is ambiguous, is a matter of law subject to de novo review." *Real Est. Value Co., Inc. v. Carnival Corp.*, 92 So. 3d 255, 260 (Fla. 3d DCA 2012) (citations omitted). We further observe at the outset that "[t]he equitable remedy of specific performance may be granted only where the parties have actually entered into a definite and certain agreement." *Mintzberg v. Golestaneh*, 390 So. 2d 759, 760 (Fla.

3d DCA 1980) (citations omitted); *see also Fla. Bank & Tr. Co. at W. Palm Beach v. Field*, 25 So. 2d 665, 666 (Fla. 1946) ("Specific performance is in order only where there is a valid existing contract."). To be enforceable, the agreement must be definite as to, among other things, its subject matter. *Nichols v. MoAmCo Corp.*, 311 So. 2d 750, 751 (Fla. 2d DCA 1995).

Seller argues that the contract is not subject to specific performance because of the sales contract's ambiguity in the identity of the properties to be included in the sale, i.e., an ambiguity in its subject matter. Page one of the contract gives the address and legal description of one property and yet, eight pages later and in a section labeled "Other Terms and Conditions," the contract identifies four properties as the subject of the offer. Seller asserts that the description in a real estate contract of the property to be sold is not an "other term and condition," but rather is the subject matter of the contract itself, which subject matter is identified in the address and legal description portions of the contract. He points out that nowhere on the first page do Buyers reference the much later addition of three more properties. The two different property descriptions constitute a patent ambiguity that was created by the drafters/Buyers, he asserts, thus precluding enforcement of the contract. We agree.

"[A] patent ambiguity is that which appears on the face of the instrument and arises from the use of defective, obscure, or insensible language." *Crown Mgmt. Corp. v. Goodman*, 452 So. 2d 49, 52 (Fla. 2d DCA 1984). The different legal

4

descriptions and addresses in different parts of the sales contract on its face lead us to conclude a patent ambiguity exists. *See Carson v. Palmer*, 190 So. 720, 722 (Fla. 1939) ("A patent ambiguity in the description of land is such an uncertainty appearing on the face of the instrument that the Court, reading the language of the instrument in the light of all facts and circumstances referred to therein, is unable to derive therefrom the intention of the parties as to what land was to be conveyed."); *Nationstar Mortg. Co. v. Levine*, 216 So. 3d 711, 716 (Fla. 4th DCA 2017) (holding internal contradiction "constituted a patent ambiguity because it appeared on the face of the agreement; no extrinsic facts or evidence were needed to reveal the ambiguity").

Because the ambiguity at hand is patent, parol evidence cannot be used to cure it. *See, e.g., Venema v. Tost*, 424 So. 2d 786 (Fla. 3d DCA 1982) (holding use of parol evidence to remove patent ambiguity in legal description contained in deed is error and thus specific performance will not lie); *Mendelson v. Great W. Bank, F.S.B.*, 712 So. 2d 1194, 1196 (Fla. 2d DCA 1998) ("[I]f the instrument's description of the property is patently ambiguous, and the instrument furnishes no other information from which the parties' intention can be gleaned, the attempted conveyance is void, and parol evidence may not be employed to cure the deficiency."); *see also Carson*, 190 So. at 722 ("In interpreting instruments courts are always inclined to that interpretation which will give effect to the instrument; but

where there is nothing in the instrument to show the grantors' intention as to which lot was to be conveyed, the courts are powerless and can do nought but declare the instrument a nullity."). Simply stated, a trial court cannot choose one contradictory provision of a contract over another without impermissibly rewriting the contract. *See Emerg. Assocs. of Tampa, P.A. v. Sassano*, 664 So. 2d 1000, 1002 (Fla. 2d DCA 1995) ("Florida courts have consistently declined to allow the introduction of extrinsic evidence to construe [a patent ambiguity] because to do so would allow a trial court to rewrite a contract with respect to a matter the parties clearly contemplated when they drew their agreement."). Here, the conflict in a material term of this contract, its subject matter, renders the contract unenforceable; without a meeting of the minds as to what real estate was being bought and sold, the contract fails for indefiniteness, and it cannot be revived by parol evidence.

While Buyers argue that reading the contract as a whole reveals no ambiguity, reading the contract as a whole is actually what exposes the patent ambiguity: effect cannot be given to the lines identifying a single property address and giving the legal description of only that single property without ignoring the much later reference to three additional properties as the subject of the offer. The initial language reflects an intent to purchase only that single property, while the subsequent language expresses an intent to purchase all four. Both provisions cannot be given effect. Consequently, we reverse.

6

REVERSED.

WHITE and GANNAM, JJ., concur.


Lawrence J. Marraffino, of Lawrence J. Marraffino, P.A., Gainesville, for Appellant.

Daniel Hogan, of Boatman Richie, Naples, for Appellees.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED