HORTON, Judge.
The appellant instituted an action in the court below to invalidate a deed from the *579 Trustees of the Internal Improvement Fund to the appellee, Rogero, and to quiet his title to certain lands in Dade County which were affected thereby. The trial court entered a decree adverse to the appellant and this appeal followed.
Both parties to this dispute trace their title to Anna M. Young, who received the property by warranty deed on April 9, 1927. The property included in this conveyance was the North % of the NE of Section 25, Township 53 South, Range 39 East, containing 80 acres. On this same day, Anna M. Young conveyed, by warranty deed, the north 26% acres of this tract to J. Fred Winchell, and the south 26% acres to E. A. Evans. The deed to Winchell was not recorded until March 19, 1937, and the deed to Evans was not recorded until February 18, 1931.
In 1931 and 1933, the tax collector of Dade County issued to the Treasurer of the State of Florida tax sales certificates No. 1324 and No. 10205 for unpaid taxes for the years 1930 and 1932 respectively, upon the following described real property :
Center % of North % of NE %. of Section 25, Township 53 South, Range 39 East. 26.7 acres.
The appellee, Rogero, obtained his title to the lands in question on June 2, 1942, pursuant to § 9, Chapter 18296, Laws of Florida, 1937, F.S.A. § 192.38 (commonly known as the Murphy Act) by a deed from the Trustees of the Internal Improvement Fund, which purported to convey to him the following described lands:
South % of the North % of the North % of the NE % of Section 25, Township 53 South, Range 39 East, containing 26.7 acres, more or less.
The appellant, Allison, claims title to the property in question in the following manner: On September 29, 1936, Anna M. Young conveyed to William T. Colby all the lands which she received under the deed of April 9, 1927, that is, the entire 80 acres. On December 29, 1938, Colby conveyed to Roseville Pottery, Inc.; on June 6, 1955, Roseville Pottery, Inc., conveyed to Caribbean Realty Company; and on June 8, 1956, Caribbean Realty Company conveyed to John F. Allison. All of these latter mentioned conveyances were by quitclaim deed which purported to convey the entire 80-acre tract.
The record discloses that Rogero has paid the taxes on the land in question since obtaining the property from the Trustees in 1942, but no permanent improvements have been placed thereon. - The correct description of the property in question is:
South % of North % of North % of NE % of Section 25, Township 53 South, Range 39 East.
The appellant contends that the description in the tax sales certificates and the assessment rolls for the years in question, which describes the land as the Center % of the North % of the NE % of Section 25, Township 53 South, Range 39 East, containing 26.7 acres, is so vague, indefinite and uncertain that a surveyor could not locate the land, and that, in reality, three different parcels of property could be carved out of the same tract from this one description. The appellant contends that this uncertainty is such a patent ambiguity as to void the tax sales certificates and the assessments upon which they are based. From this, the appellant argues that the state did not acquire any title to the land upon an alleged reversion under the Murphy Act and consequently, any purported conveyance by the Trustees to the appellee, Rogero, is void and of no force and effect.
The appellee, Rogero, contends on the other hand, that the land could be located from such description contained in the deed to him by supplementing such description by the descriptions contained in the tax assessor’s rolls. The appellee concedes that it is difficult, if not impossible, for a surveyor to locate the property *580 under the description contained in the tax certificates alone. The appellee further contends that the tax certificates are not muniments of title and that since the certificates follow the assessment roll and if the property were improperly assessed as it so appears under the assessment roll, the tax certificates based thereon could be corrected as to description at any time.
The provisions of the Murphy Act in question (§ 192.38, Fla.Stat., F.S.A.) provide:
“(1) At the expiration of two years from the date chapter 18296, acts of 1937, became a law, the fee simple title to all lands in this state, against which there remained outstanding tax sale certificates which, on the date said act became a law, were more than two years old, became absolutely vested in the state and every right, title or interest of every nature or kind whatsoever of the former owner of said property, or anyone claiming by, through or under him, or anyone holding a lien thereon, ceased, terminated and ended * * (Emphasis supplied.)
It can be seen from the above-quoted provisions that one of the conditions necessary to activate a reversion of title to the state was that there be in existence tax sales certificates which were more than two years old on the date that the act became law. We cannot conceive that the legislature would have included such condition in the act without it having some pertinent meaning. As has been pointed out many times, the main purpose of the act was to have property, upon which taxes had become delinquent, restored to the tax rolls. We conclude that the legislature, by including a reversion upon the condition that there be outstanding tax sales certificates of more than two years of age, did so as a basis upon which title would vest in the State of Florida, and said certificates would thereupon constitute a muniment of title upon which the state’s fee-simple title would rest. To conclude otherwise would be to give little, if any, meaning to a direct and unqualified expression by the legislature.
The issues presented by this appeal are similar to those in H & H Investment Co. v. Goldberg, Fla.App.1958, 103 So.2d 682. As in the Goldberg case, the original assessment contained an erroneous description of the property in question which invalidated the assessment. It follows that the tax certificates purporting to vest title in the Trustees of the Internal Improvement Fund are equally invalid. As muniments of title, they contain a patent ambiguity, thus precluding reference to other instruments or parol evidence. See Connelly v. Smith, Fla.App.1957, 97 So.2d 865, 869. These deficiencies are sufficient to void the certificates and preclude title in the Trustees. Lacking title to the land in question, the Trustees could not convey any interest to Rogero by the deed of 1942. However, notwithstanding the foregoing deficiencies, the 1942 deed to Rogero, although containing a different description than that appearing on the tax certificates or his application, likewise contained an erroneous description of the actual land involved.
Inasmuch as the decree in this cause is to be reversed and the cause remanded for further proceedings, we call particular attention to the provisions of § 196.07, Fla. Stat., F.S.A.
Accordingly, the decree appealed is reversed and the cause remanded for further proceedings in accordance with the provisions of § 196.07, Fla.Stat., F.S.A., and not otherwise inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.