WILLIAM K. LENTE, APPELLANT, VS. BRENT L. CLARKE, ADMINISTRATRIX, APPELLEE.

1. Where a defendant, after appearing specially and obtaining an order setting aside the service of an original process, submits the cause for decision on a demurrer to the bill, such submission constitutes a voluntary appearance, and gives the court jurisdiction of the person.

2. A decree *pro confesso* cannot be entered under the rules of chancery practice in this State for the want of an appearance of the defendant, but only for a failure to file a demurrer, plea or answer.

3. A decree *pro confesso* cannot be entered on the rule day to which a subpoena that has been personally served is returnable, and on which the appearance is due, nor until the next succeeding rule day.

4. No bill of exceptions nor formal noting of exceptions to the orders

appealed from held to be necessary to enable the appellant to obtain a review of them on appeal. An entry in the lower court of an appeal from such orders and a due prosecution thereof is sufficient.

5. Neither a seal nor subscribing witness is necessary to the validity of an agreement or contract for the sale of land, or the note or memorandum thereof under the statute of frauds.

6. An agreement for the sale of land under the statute of frauds will be held sufficient as to its description of the land to be conveyed, if it so describes a particular piece or tract of land that it can be identified, located or found. A detailed description is not necessary where the description shows that a particular tract is within the minds of the contracting parties and intended to be conveyed ; parol evidence may be resorted to, to apply the description or identify the tract, though such description be somewhat general.

7. The following agreement : "I agree to make good titles in fee to my forty near the Garrison lands, in Hernando county, to Wm. K. Lente. Consideration $75.00 ; received. Thomas W. Clarke, witness M. P. O'Neal," held to contain a sufficient description.

8. The expression "forty," as commonly used in this State in describing lands, defined.

9. Where upon the the face of the agreement to convey the description of the land is sufficient, but the fact may be that the defendant or party to convey has more than one tract answering the description, and thus the description may be rendered indefinite and insufficient, it is not necessary for the plaintiff to allege, in the bill for specific performance, that the defendant has only one tract answering the description, but the burden is upon the defendant to set up in his answer and prove his ownership of two such tracts.

Appeal from the Circuit Court for Hernando county.

Appellant filed his bill against the appellee in the Circuit Court for Hernando county, in chancery, August 22, 1885. Subpœna issued same day, returnable September 7, 1885, and was returned by the sheriff as having been served on August 25, 1885. On September 7 a decree *pro confesso*

was entered against the defendant, in the Clerk's office, for want of appearance; on September 24 defendant, appearing specially, entered a motion to set aside the service of subpœna and to vacate the decree *pro confesso ;* on October 8 the Circuit Judge, upon hearing said motion, made the following order: "Complainant allowed to amend writ. Defendant allowed until rule day in December next to plead, demur or answer." On November 7 the defendant demurred to the bill, and on December 11 complainant filed his joinder in demurrer. On January 13, 1886, the Circuit Judge made the following order upon the said motion to set aside service of subpœna and to vacate decree *pro confesso :* "Motion to set aside service of writ and to vacate decree *pro confesso* granted." On January 29, 1886, "by consent of counsel," the demurrer was heard, and said demurrer was thereupon sustained. The other facts of the case are sufficiently stated in the opinion.

*Benjamin M. Miller* for Appellant.

*A. Paterson* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

I. It will be observed that the return of the Sheriff, as it appears in the record, conforms to the amendments directed by the Judge, as indicated by the bill of exceptions, and consequently the only conclusion to be drawn, if we are to consider the bill of exceptions, is, that the Sheriff amended the return, as it originally stood, so as to make it comply with the ruling of the Judge. Such a bill of exceptions is neither a necessary nor a proper chancery proceeding. Ignoring the so-called bill of exceptions, we must conclude either that the return, as it now appears upon

518 SUPREME COURT.

William K. Lente v. Brent L. Clarke, Adm'x—Opinion of Court.

the copy of the writ, is as it was originally made by the Sheriff, or that it was amended under the order of October the 8th, allowing an amendment of the *writ.*

It is, however, unnecessary to say anything about the sufficiency of the service as indicated by the return, because after the order of January 13th, considered in so far as it sets aside the service, was made, there was a voluntary appearance by defendant in the argument and submission of the demurrer by her counsel. Had no order as to the service been made but that of October 8th, which practically denied defendant's motion, we do not mean to say that defendant, had she excepted to such order, would have waived her right to appeal from it by defending by demurrer or answer. Harkness vs. Hyde, 98 U. S., 476. After obtaining an order setting aside the service she has voluntarily appeared, and thus she cured all defects of service, and gave the court jurisdiction of her person. Keil vs. West, 21 Fla., 508 ; and *vide* 13 Fla., 361, 574.

The rules of practice in chancery causes in this State authorizes a decree *pro confeeso* only for want of a demurrer, plea, or answer, and not for want of an appearence. Equity Rule, 44. The appearance was due, assuming that the service of the writ was legal, on the rule day in September, but the defendant had, under the above rule, till the rule day in October to file such pleading as her counsel might deem proper.

With the remark that no formal exception by the plaintiff to any of the orders appealed from in this cause was necessary, but that in chancery an appeal from *such orders* duly entered is *ordinarily* a sufficient exception, we will pass to the consideration of the order sustaining the demurrer.

II. The memorandum or agreement in this case, is as follows :

"Dec. 18, 1883.

" I agree to make good titles in fee to my forty near the Garrison lands in Hernando county to Wm. K. Lente. Consideration, $75. Received.

"THOMAS W. CLARKE.

" Witness, M. P. O'NEAL."

It is objected by counsel for appellee that this writing is not under seal, and has not two subscribing witnesses, and that hence no title passes by it. He refers to section 1, page 214 of McClellan's Digest. This section relates to present conveyances of the title of certain interests or estates in land, and not to agreements or contracts to convey the same in the future. The latter are regulated by sec. 1, page 208 of the Digest, which provides that " no action shall be brought * * whereby to charge any person * * upon any contract for the sale of lands, tenements, or hereditaments, or of any uncertain interest in or concerning them * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing, and signed by the party to be charged therewith, or by some person thereunto lawfully authorized." Neither a seal, nor witnesses to such contract or agreement for the sale of lands, or memorandum thereof, is required. The above sections are parts of the same statute. By a subsequent act executors and administrators are authorized to execute conveyances of real estate, where written agreements or contracts therefor have been made by their testators or intestates. Sec. 57, p. 93.

It is further contended that the description of the land to be conveyed is not sufficient, and the case of Patrick vs. Sears, 19 Fla., 856, is relied upon. There the agreement dated January 13, 1882, and signed by Patrick, was as follows: " I have agreed to sell W. J. Sears five acres of land near Kissimmee City, in Orange county, Florida, for

one hundred dollars, to be selected by his agent." Sears appointed an agent, who selected the land, and notified Patrick that he had done so, describing the land selected, and as such agent he tendered the $100 and demanded a deed. This was held not to be such an agreement as could be enforced in equity, because the land is not identified by it, nor did either party contemplate any particular five acres. It is clear that the agreement identified no particular piece of land, and also that subsequent action was necesssary to attach or apply the contract to any particular piece, and hence there was no description whatever of any particular tract in the paper, and in the nature of things could be none.

The rule is, that the contract or memorandum must identify or point out a special tract of land as within the minds of the parties, and intended to be conveyed. It must so describe the land as it can be found, or located, or in other words, there must be such a description as can be applied to a particular piece of land as the subject of the contract. A detailed description is not necessary. Where the description shows that a particular tract as distinguished from other lands is meant, then parol evidence can be resorted to to apply the description, or identify, or locate the land, though the description be somewhat general. However precise the description, a resort to parol evidence for such purpose is always necessary to apply it, or ascertain the land described. This is not adding anything to the terms of the agreement or memorandum, and consequently not a violation of the statute.

In Atwood vs. Cobb, 16 Pick., 227, the description was " about five acres of land, more or less, with the shop and other erections and improvements on it, which I own in Middleborough, on the road to Wareham, being the same which I bought of him," (the plaintiff) and the court held it

sufficient, remarking that the memorandum must express the substance of the contract, with reasonable certainty, either by its own terms, or reference to some other deed, or other matter, from which it can be ascertained with like reasonable certainty, * * and that the estate is well described as the same estate which Atwood had before sold to Cobb. In Hurley vs. Brown, 98 Mass., 545, " *A* house and lot of land situated on Amity street, Lynn, Mass.," was the description, and it was held that in a contract to convey real estate the words of description are presumed to relate to an estate owned by the party contracting to convey, and that though there were in fact several lots of land with houses on Amity street, oral evidence was admissible to apply the description to a particular house and lot so situated and so owned. " If," says the court, " the party who enters into the agreement in fact owns a parcel answering to the description, and only one such, that must be regarded as the one to which the description refers. With the aid of this presumption the words ' *a* house and lot,' on a street where a party who uses the language owns only one estate, are as definite and precise as the words ' my house and lot ' would be ; a description, the sufficiency of which has been placed beyond all doubt by very numerous authorities. * * * In the present case the writing does not show that there is more than one house and lot on Amity street. This fact was disclosed by oral testimony, and the familiar rule would seem to apply, that parol evidence is admissible to explain and remove a latent ambiguity. If there had been only one house and lot on the street there would have been no indefiniteness in the description. The supposed uncertainty having been created by parol, evidence of the same character may be resorted to for its removal. But without relying much upon this consideration we regard the fair construction of the words used to be that

they relate to a house and lot owned at the time the memorandum was signed by the parties who signed it. Thus interpreted they are sufficiently certain, and the oral evidence is needed only to apply the description. This must be done by extrinsic evidence in every contract or conveyance, however minutely the boundaries of the estate may be set forth." In Scanlan vs. Geddes, 112 Mass., 15, the description was a "house on Fifth street, between D & E streets," the memorandum bearing date Boston, November 10, 1870, and it was held to be sufficient where the party to convey owns but one house upon the street, and that the language covered not only the building, but the land upon which it stands, and so much more as was necessary to its beneficent enjoyment, and within the defendant's power to convey. See also Slater vs. Smith, 117 Mass., 96, and Mead vs. Parker, 115 Mass., 413; which, perhaps, carry the docrine of the use of parol evidence to apply the description still further.

In Tennessee, where the agreement was, " I have this day sold to W. K. Dobson a certain tract of land containing nine acres and sixty-six poles, near the junction of Broad street, Nashville, and the Hillsboro Turnpike, Davidson county, Tennessee, for the sum of four thousand dollars," the court in Dobson vs. Litton, 5 Caldwell, 616, held it too vague to point out and identify the premises, and sustain a bill for specific performance, but said : " If the agreement itself shows that some particular tract of land was intended, then proof is admissible to show the location and boundaries of the tract mentioned, and to enable the court to find it. Thus, if the agreement had described the premises as ' *my* tract of nine acres and sixty-six poles, near the junction, etc.,' there could be no uncertainty that a particular tract of land was meant, and even if the grantor had two tracts answering to that description

that would create no uncertainty upon the face of the deed, but only after the introduction of parol evidence. But an instrument describing the premises as ' a tract ' etc., as in this instance does not specify any tract of land * * and the object of parol proof proffered in this case would be not to point out the tract which the instrument mentions, but to furnish grounds of inference from the fact that defendant had but one tract in that vicinity, that the parties must have intended the instrument to describe that tract and no other." It is held in this case that where an instrument is so drawn that, upon its face, it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located, but that where the description employed is one that must necessarily apply with equal exactness to any one of an indefinite number of tracts, parol evidence is not admissible to show that the parties intended to designate a particular tract by the description. See also Parker vs. Swann, 1 Humphreys, 80.

In Kitchen vs. Herring, 7 Iredell's Eq., 190, the contract was: " Received of John L. Kitchen, payment in full for a certain tract of land lying on the southwest side of Black river, adjoining the lands of William Haffland and Martial, for which I am to give him a good deed, &c.," and the description was held by the Supreme Court of North Carolina to be sufficiently certain to entitle the bargainee to a specific performance of the contract. "The description is sufficiently certain to identify the land—that is certain which can be made certain, and for this purpose an enquiry would be ordered if necessary." Whether the case of Murdock vs. Anderson, 4 Jones' Eq., 77, cited in Harley vs. Brown, *supra*, conflicts with this, we are not advised, as it is not within our reach. In Summers vs.

Spruill, 3 Jones' Eq., 9, the description was " the tract of land whereon I live, known as the William Wynn farm," and it was held that either of the two descriptions embodied in this language was sufficient, provided the tract thus called is capable of being otherwise sufficiently identified, as " *id certum est*," etc.

In Colerick vs. Hooper, 3 Ind., 316, the agreement signed by Colerick was " I have this day sold my lot to A. C. on the plat in the town of South Bend—on the plat of said town on the river bank—I have received full value and will make the deed as soon as convenient," and it was held that parol evidence was admissible to identify the particular lot intended to be conveyed, and that the contract was, therefore, sufficiently certain to be the foundation of a bill for specific performance. Parol evidence, it was held, " would not be required to make out the terms of the agreement, but to apply the agreement to the subject matter of it. The thing sold was Colerick's lot on the river bank, in the town of South Bend. The written contract assumed that he had one lot on said bank in said town, and implied that he had but one, which was the only remaining question to be settled. This question could be easily answered from the data given for identifying the land."

Without stopping to decide between the Massachusetts and Tennessee courts, as to the distinction to be drawn between cases in which one contracts to convey *a* tract of land, and those in which he agrees to convey "his" or "my" tract, it seems clear to us that in the light of the above decisions that the description of the land in the contract under consideration is sufficient.

There is no doubt as to the meaning by the parties of the expression " forty " used in the contract. By " forty " thus used in connection with lands is meant either the

north or south half of a half of a quarter section of land. The statutes of the United States authorize the division of each quarter section of land into east and west halves by a line drawn through it north and south equidistant between the east and west corners of the quarter sections; and further provides for the subdivision of such half-quarter sections into north and south halves by a line run through the middle of them east and west. §§2395, 2397, R. S. U. S. This subdivision of a half quarter section is the smallest subdivision of an entire or regular section of land recognized by the United States statutes. It usually contains about forty acres, as does an entire section about six hundred and forty acres, or a half of a quarter section about eighty acres, and a quarter section about one hundred and sixty acres. Theoretically an entire section should contain 640 acres, and the above mentioned smallest subdivision 40 acres, but on account of inaccuracies of surveys they both often fall a few acres short; yet the term "forty," whether such subdivisions contain forty acres or less, has in this State become as fixed and as well understood term to designate them as ever attached from common or general use to anything. No one can for a moment doubt that by the expression, "my forty near the Garrison lands, in Hernando county," both parties understood and were dealing as to a single half of a half of a quarter section, claimed to be owned by the intestate, Thomas W. Clarke, and lying near lands known as the Garrison lands in that county. It must be assumed, looking at the terms of the contract, not only that they both had in view and understood that they were dealing as to, and contemplated particular piece of land, but that there are lands in the county known as the Garrison lands, and that both parties had these lands in their minds as the lands near which the intestate's "forty" was situated. The contract identifies and fur-

nishes the means of finding the land. Eggleston vs. Wagner, 46 Mich., 610; Robeson vs. Hornbaker, 3 N. J. E., 60; White vs. Hermann, 51 Ill., 243; 14 N. Y., 584; 40 N. Y., 357.

If it be that the intestate owned another forty near the Garrison lands, and consequently answering the same description whereby the sufficiency of the contract as identifying a particular piece of land would be destroyed, the defendant can develop the fact in her answer. The presumption arising from the face of the contract is that he had but one forty so situated, and we think the rule which calls upon the defendant to make known such fact, if it exists, a better one than that requiring an allegation in the bill that he owned but one. The bill in this case describes a particular forty by numbers, and alleges that it is the one meant and covered by contract.

The decree sustaining the demurrer is reversed, and the cause will be remanded with leave to the defendant to answer.