SOUTH FLORIDA CITRUS LAND COMPANY, A CORPORATION, Appellant, v. WALTER WALDEN, Appellee.

1.  Where an option in writing is given for the purchase of real estate, a tender of the purchase price within the specified time makes mutuality in the contract relations of the parties.

2.  In a contract for the sale of land the description of the land is sufficient when it is "all land owned by the said" vendor "located west and north of the South Fork of the Miami River and in" stated sections, township and range in a named county of the State, as by such a description the land may be definitely located.

3.  An improper specific prayer of a bill of complaint as to damages will not destroy equities admitted by a demurrer.

4.  Impertinent portions of an answer in equity are properly eliminated upon exceptions thereto.

*Geo. M. Robbins,* for Appellant;

*Hudson & Boggs* and *R. B. Goutier,* for Appellee.

WHITFIELD, C. J.—The appellee brought a bill in equity in the Circuit Court for Dade County against the appellant for the specific performance of an agreement to

convey lands "free of all encumbrance whatsoever." The bill of complaint alleges that pursuant to an option in writing made an exhibit to the bill, the complainant within the time specified in the option tendered the pur-chase price and demanded a conveyance of the land which was refused. A demurrer to the bill of complaint was overruled. The answer of the defendant admits that the land is covered by a mortgage as alleged in the bill of complaint and admits the option agreement, but denies the validity of the option contract, because the defendant had previously made a deed conveying to another person the land. It appears however that the deed was not de-livered. The answer also contains averments that the person in whose name the previous deed was made out had conveyed a part of the land to another who is able, ready and willing to pay for the land; that the mort-gagee is willing to release to the other purchaser but not to the complainant; that the contract to convey to the other person was prior in date to the option given com-plainant and that the option to complainant was given while the president of the defendant "was ill and in no condition to consider or enter into business contracts for this defendant;" and defendant is not able to perform the option contract because of the mortgage encumbrance on the land. The court sustained exceptions to the por-tions of the answer denying the validity of the option, and to the averments of a conveyance of the land to and by others and the willingness of the mortgagee to release to another purchaser but not to complainant and of a prior contract to convey the land and the inability of the president of the defendant company to make business contracts for defendants because he was ill. An appeal was taken by the defendant from the orders over-ruling the demurrer to the bill of complaint and sustain-ing the exceptions to the stated portions of the answer.

When the tender of the purchase price was made within the specified time there was mutuality in the contract relations of the parties. 26 Am. & Eng. Ency. Law (2nd ed.) 30; Finlen v. Heinze, 32 Mont. 354, 80 Pac. Rep. 918; Jones v. Barnes, 105 App. Div. (N. Y.) 287, 94 N. Y. Supp. 695; 6 Current Law 1503. The description of the land in the option being "all land owned by the said" defendant "located West and North of the South Fork of the Miami River and in" stated sections, township and range, in Dade county, Florida, is such that the land may be definitely located. See Lente v. Clarke, 22 Fla. 515; Conroy v. Woodcock, 53 Fla. 582, 43 South. Rep. 693; 6 Current Law 1504. The technical descriptions of the land are given in the bill of complaint and the demurrer admits the allegations of title in defendant. The complainant, has therefore, made a case for specific performance good at least against a general demurrer. Even if the specific prayer of the bill as to damages is not proper it does not destroy the equities admitted by the demurrer.

The exceptions to the portions of the answer as stated were properly sustained as being impertinent.

The interlocutory orders appealed from are affirmed.

All concur except TAYLOR, J., absent on account of illness.