ALFRED SIMONS, *Appellant*, v. LAURA M. TOBIN AND SE-
CURITY TRUST COMPANY, A CORPORATION, AS EXECUTRIX
AND EXECUTOR OF THE LAST WILL AND TESTAMENT OF
BENJAMIN TOBIN, DECEASED, *Appellees.*

En Banc.

Opinion Filed March 30, 1925.

1. An enforcible contract under the statute of frauds to convey
real estate may consist of letters and telegrams between the
parties relating to the subject-matter of the contract and so
connected with each other that they may be fairly said to
constitute one paper and where the terms of the contract are
ascertainable from such letters and telegrams.

2. Specific performance of a contract to convey land will not be
enforced where the contract does not designate with certainty
the land to be conveyed and parol proof is inadmissible to
supply the description of the land not identified in the writ-
ing. But "where the description shows that a particular tract
as distinguished from other land is meant, then parol evidence
can be resorted to to apply the description, or identify it, or
locate the land, though the description be somewhat general."

An Appeal from the Circuit Court for Dade County;
H. F. Atkinson, Judge.

Reversed.

*Brown & Stokes,* for Appellant;

*John M. Murrell, T. T. Ansberry* and *George T. O'Far-
rell,* for Appellees.

WEST, C. J.—This is an appeal from an order sustaining
demurrers to an amended bill of complaint and dismissing
the bill in a suit for specific performance of a contract be-
tween complainant and defendants to convey certain de-

scribed real estate in the City of Miami. The only assignment of error is the order from which the appeal is taken.

The contract sought to be enforced is contained, according to the allegations of the bill, in correspondence between the parties, consisting of letters and telegrams containing an offer to sell by defendants and agreement to purchase by complainant the land described.

The initial letter in the correspondence is dated July 5, 1923. It is addressed to the complainant and is signed by each of the defendants. It grants to complainant a "90-day option to sell the property," which is described as the "Esmeralda Hotel property," at a fixed consideration upon stated terms. In the event of a sale by complainant a commission of 5 per cent of the purchase price was to be paid him. This "option" was from time to time extended by defendants. On October 29, 1923, complainant wrote defendants that "it may be possible that I may be able to find some way whereby I can handle the proposition for myself." And on December 1, 1923, complainant, by letter, made an offer to defendants to purchase the property. On December 11 he wrote one of the defendants, Security Trust Company, in which he stated "I might also add that I advised Mrs. Tobin (the other defendant) that should my proposition of December 1st be unsatisfactory, I will purchase the property in accordance with our agreement and my option." Replying on December 28 the defendant to whom this letter was addressed, Security Trust Company, said "I am writing Mrs. Tobin relative to the matter and I hope that you will be able to come through with something that is more acceptable." By telegram of January 17, 1924, Mrs. Tobin, one of the defendants, wired Security Trust Company, the other defendant "Mr. Simons has decided to purchase Esmeralda property in accordance with option granted to him for two hundred and fifty thousand dollars paying one-fourth down and balance to remain on

first mortgage for three years at seven per cent. This is definite proposition and he will go through it stop, however he may possibly pay all cash on cash option on February first advise with Franklin immediately and then arrange papers. Answer.'' Replying on the same day the Security Trust Company wired Mrs. Tobin ''Have conferred with Franklin and we are very glad. Will have Beach forward abstract immediately.'' Thereupon complainant placed in escrow in a Miami bank the amount necessary for the first payment on the purchase price of the property and notified defendants. The bank on the same date also notified the defendants of the deposit with it by complainant of the amount. Acknowledging receipt of this information the Security Trust Company, by wire, suggested a lawyer in Miami to prepare necessary papers to conclude the transaction. It is alleged that the defendant Laura M. Tobin thereafter repudiated the contract and refused to convey to complainant the property described in compliance with the terms of the contract.

The allegations of the bill are sufficient basis for proof of the alleged contract to convey and at this stage of the proceedings a more extended statement is not considered necessary.

An enforcible contract under the statute of frauds to convey real estate may consist of letters and telegrams between the parties relating to the subject-matter of the contract and so connected with each other that they may be fairly said to constitute one paper and where the terms of the contract are ascertainable from such letters and telegrams. Tucker v. Gray, 82 Fla. 351, 90 South. Rep. 158; Kalil v. Florida Nat. Bank, 81 Fla. 543, 88 South. Rep. 383; Meek v. Briggs, 80 Fla. 487, 86 South. Rep. 271; Ryan v. United States, 136 U. S. 68.

The description of the property contained in the letters signed by defendants is sufficient. In Lente v. Clarke, 22

Fla. 515, 1 South. Rep. 149, speaking through Mr. Justice RANEY, the court said: "Where the description shows that a particular tract as distinguished from other lands is meant, then parol evidence can be resorted to to apply the description, or identify it, or locate the land, though the description be somewhat general." In Rhode v. Gallat, 70 Fla. 536, 70 South. Rep. 471, the language employed may not be entirely consistent with that holding, but on the facts there is not such a conflict between the two cases as to amount to an overruling of the former by the latter.

The relationship between the parties when the negotiations were initiated was principal and agent, but as the correspondence progressed it culminated in an offer by complainant to buy the property himself from defendants at an agreed consideration upon stipulated terms of payment, so that the question of whether one authorized to sell may himself buy the property from his principal is not involved.

The order appealed from is reversed.

WHITFIELD, ELLIS, BROWNE, TERRELL AND STRUM, J. J., concur.