J. I. TRIPLETTE, JR., *Appellant*, v. C. POTTER LUCAS AND D. E. KNIGHT, *Appellees.*

Division A.

Opinion Filed July 11, 1927.

*Bayard B. Shields,* for Appellant;

*Wallace Chadman, H. O. Brown* and *D. E. Knight,* for Appellees.

ELLIS, C. J.—This is a suit to enforce the specific performance of a contract for the sale of lands. A demurrer to the bill was sustained and the complainant appealed.

The major question involved is the sufficiency of the description of the land intended to be sold. The contract is made a part of the bill. The description of the land, as it is contained in the contract, is as follows:

"All that certain lots, pieces or parcels of land, situate, lying and being in the County of Charlotte, State of Florida, containing 135 acres more or less, located along Alligator Creek in said County; 45 acres being located on the South bank of the Creek; 32 acres of uncleared land on the North bank of the creek, with 30 acres of cleared land and 27 acres of orange grove, and fronting on the Rock Road. Said land being located in portions Sections 22 and 27, Range 23, Township 41, and known as the LUCAS PLACE."

That the lands are located in Charlotte County, Florida, in Sections 22 and 27 of Township 23, South Range 41 East, containing 134 acres and known as the "Lucas Place" are the elements of certainty in the description. Alligator Creek traverses the county from east to west and empties into Charlotte Harbor. In the course of its meanderings it may touch both Sections 22 and 27 in Township 23 of Range 41 South and East. The "Rock Road" is equally capable of exact location, but both sections of land contain approximately twelve hundred and eighty acres, so that "135 acres more or less" located along the creek some of which "fronting on the Rock Road," is a very indefinite description and wholly insufficient to enable one from such description to locate the lands which the contracting parties had in mind.

If, however, the "Lucas Place" is so well known locally that with the aid of such description as is contained in the contract no reasonable doubt could arise that the 135 acres more or less, located along Alligator Creek with portions of it fronting on the Rock Road, are locally known as constituting the entire property called the "Lucas Place," parol evidence would be admissible to apply the description to the locally known fact. In other words, if the description furnished the means by which the land can be identified

with reasonable certainty it is sufficient. See Rhode v. Gallat, 70 Fla. 536, 70 South. Rep. 471.

In Lente v. Clarke, 22 Fla. 515, 1 South. Rep. 149, this Court, speaking through Mr. Justice RANEY, said: "Where the description shows that a particular tract as distinguished from other lands is meant, then parol evidence can be resorted to to apply the description, or identify, or locate the land, though the description be somewhat general." See also South Florida Citrus Land Co. v. Walden, 59 Fla. 606, 51 South. Rep. 554; Simons v. Tobin, 89 Fla. 321, 104 South. Rep. 583.

In the Lente v. Clarke case, *supra,* the description was: "my forty near the Garrison lands, in Hernando County." The rule announced in that case, from which this Court has not departed, is in substance as follows: A detailed description is not necessary; it must show that a particular tract as distinguished from other lands is meant; the description must be such as that it can be applied to a particular piece of land as the subject of the contract; in substance parol evidence can be resorted to to apply the description, or identify or locate the land. The Court said: However precise the description a resort to parol evidence is always necessary to apply the description or ascertain the land described.

Now, the subject of the contract was the "Lucas Place," located partly in Section 22 and partly in Section 27 of Township 23, South Range 41 East. The description was not a detailed description but it was qualified by such words as show that the land is located in that part of the two sections bordering on a certain creek, fronting on a certain road, containing a certain number of acres cleared and a certain number of acres of orange grove and the whole known by a particular name. If there is in that vicinity a place known as the "Lucas Place," to which the

description as contained in the contract may be applied with reasonable certainty, the description is sufficient.

The demurrer admits the existence of a place in the vicinity known as the "Lucas Place." Now, if there is such a place and it consists of the lands as described and is locally known by the name given in the description the fact is as reasonably certain as any particular part of the section named by governmental surveys.

We are of the opinion, therefore, that the description is sufficient. The statute, Section 3872, Revised General Statutes, requires that contracts for the sale of lands should be in writing or some note or memorandum thereof be signed by the party to be charged therewith *or* by some person by him thereunto lawfully authorized. Parol authority is sufficient to authorize an agent to execute a contract for his principal for the sale of real estate. See Beekman v. Sonntag Inc. Co., 67 Fla. 293, 64 South. Rep. 948.

The bill alleges that the defendant contracted and agreed through his agents, Reynolds Realty Organization, thereunto lawfully authorized, to convey the land. That is a sufficient allegation of the ultimate fact as against the demurrer interposed and the demurrer admits it.

The demurrer should have been overruled. The decretal order of the court is therefore reversed.

Reversed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.