589 So.2d 416 (1991)
Mahendr Nauth BAJRANGI, Appellant,
v.
MAGNETHEL ENTERPRISES, INC., etc., Appellee.
No. 91-369.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
Rehearing Denied December 6, 1991.
*417 Lynn Walker Wright of Asma & Wright, P.A., Winter Garden, for appellant.
Peter Cushing, Orlando, for appellee.
HARRIS, Judge.
In 1988 Mahendr Bajrangi (Bajrangi) purchased a business known as "Jay's Food Store" from Magnethel Enterprises, Inc. (Magnethel) for a purchase price of $90,000. As a part of this transaction, Bajrangi leased the premises in which the business was located and was granted an option to purchase the property at "1101-1/2 East Plant Street[1] ... and the surrounding real estate" for $280,000. The necessary documents, including the lease which contained the option, were prepared by Magnethel's attorneys.
When the last payment was due on the business-purchase transaction, Bajrangi exercised his option to purchase the real property. In response to the exercise of the option, Magnethel had prepared for review a deed which included all of the property claimed by Bajrangi in this action. Subsequently, however, Magnethel elected not to close pursuant to the prepared deed but instead notified Bajrangi that the lease was terminated because of certain alleged breaches and threatened ejectment.
Bajrangi then filed this action seeking declaratory relief determining his rights under the option agreement and specific performance of such agreement. Magnethel responded claiming that the option agreement, prepared by its attorneys, was unenforceable because the description of the property contained a patent ambiguity.
Magnethel moved for summary judgment based on this ambiguous description. The trial court determined that the legal description did indeed contain a "patent ambiguity" which was not subject to clarification by parol evidence and therefore granted the summary judgment and permitted Magnethel to pursue its eviction action. The issue before us is whether the legal description contained a patent ambiguity and, even if so, whether parol or extrinsic evidence is admissible to explain the parties' intent.
Magnethel urges that there is a long line of cases supporting the trial court to the effect that parol evidence cannot cure a patent ambiguity. Primary reliance is *418 placed on Hammond v. Hacker, 93 Fla. 194, 111 So. 511 (Fla. 1927) in which the court refused to specifically enforce the sale of property based on a description containing the words "and about 6 acres east thereof." The court held that such description did not apply "to a particular piece of land as the subject of the contract." There is no indication in the contract that the parties had in mind any particular acreage. Hammond holds, however, that where the description shows that a particular tract, as distinguished from other lands, is meant then parol evidence would be appropriate.
In Simons v. Tobin, 89 Fla. 321, 104 So. 583 (Fla. 1925) the supreme court required the specific performance of a contract merely referring to "the Esmeralda Hotel property." The court quoted from Lente v. Clarke, 22 Fla. 515, 1 So. 149 (Fla. 1886):
Where the description shows that a particular tract as distinguished from other lands is meant, then parol evidence can be resorted to to apply the description, or identify or locate the land, though the description be somewhat general.
Lente is an instructive case. It makes clear what is meant by "a particular tract as distinguished from other lands." In Lente, the court upheld the description of "my forty near the Garrison lands" as a valid description.
Lente cites with approval Hurley v. Brown, 98 Mass. 545, as upholding the description "a house and lot of land situated on Amity Street, Lynn, Mass.," because, although there were several houses and lots on Amity Street, only one was owned by the contracting party. Since the law presumes the description must have included the implied term "owned by me", parol evidence was admissible to prove that the contracting party owned only one such house and lot on Amity Street and, in addition, parol evidence could provide the description of that property.
Lente also relied on Scanlan v. Geddes, 112 Mass. 15, which upheld "a house on Fifth Street, between D & E Streets" as a valid description. Parol evidence was admissable to prove the seller owned only one such house and the description was held to include "not only the building, but the land upon which it stands, and so much more as was necessary to the beneficial enjoyment, and within the defendant's power to convey."
Lente distinguishes Patrick v. Sears, 19 Fla. 856 (Fla. 1883), because in Patrick the description was "five acres of land, near Kissimmee City, in Orange County ... to be selected by his agent." Clearly the contract in Patrick shows that the parties were not contemplating any particular 5 acres at the time of the contract. Under Lente and under Simons, had the description been merely "my 5 acres near Kissimmee" (and it could be proved that the seller owned only one 5 acre tract near Kissimmee), it would have been sufficient.
In Rundel v. Gordon, 92 Fla. 1110, 111 So. 386 (Fla. 1927), the supreme court approved the Simons result stating:
In that case the writings showed that the parties were dealing with regard to a parcel of land identified by them, but by no means certain in point of description, yet parol evidence was held admissible to apply the description used in the writings to the particular tract in regard to which they contracted with each other. [Emphasis added.]
But the Rundel court held that this liberal rule of construction was "not applicable as to the terms and conditions of the contract aside from land description."
The liberal rule of construction as it relates to descriptions, as announced by the various Florida Supreme Court decisions, is that parol evidence is admissible to determine the description so long as the instrument itself shows that the parties were contemplating a particular piece of property[2]  rather than an unspecified piece of property (Patrick) or alternative descriptions (Carson) or property to be obtained *419 later. Edmun Realty Corp. v. Kearns, 158 Fla. 558, 28 So.2d 834 (1947).[3]
In Carson v. Palmer, 139 Fla. 570, 190 So. 720 (Fla. 1939) the court did hold that a patent ambiguity in a description could not be cured by parol evidence because to do so would be the "insertion of new language into the instrument."[4] But Lente and Simons hold that proving the actual description of a parcel which the instrument shows was intended by the parties to be conveyed does not "add anything to the terms of the agreement" and thus would not violate the statute of frauds.
The modern view, consistent with Lente and Simons, is that the description is sufficient if the reference to the property in the deed is such that the court, by pursuing an inquiry based upon the words of reference, is able to identify the particular property to the exclusion of all other property. The maxim applicable is "that is certain which can be made certain."[5]
Turning to the description in the case before us, we find that had the description been only 1101-1/2 East Plant Street there would be no question but that the description would be sufficient. Parol evidence nevertheless would be required to determine the exact legal description of such reference. We find that the addition of the words "and the surrounding real estate," although perhaps adding confusion, does not make invalid an otherwise valid description. The additional words are mere surplusage. The question before the trial court is what is the extent of the property encompassed by the description 1101-1/2 East Plant Street. As in Scanlan v. Geddes, supra, the court must determine the dimensions intended by the parties. The term "and surrounding real estate," instead of adding additional property to the description "1101-1/2 East Plant Street" merely assures that the description (referred to in the lease as "also known as "J's Food Store") included not just the store building but the building site. The trial court must determine, from conflicting extrinsic and parol evidence, exactly what the building site includes. There are conflicting allegations in the record:
1. Magnethel, initially upon the exercise of the option, prepared a deed to the entire parcel.
2. Magnethel, a short time before the lease, listed the entire parcel as a single property for approximately the same sales price.
3. Magnethel pointed out the entire parcel to Bajrangi prior to the sale of the business and the lease as the property subject to the transaction.
4. Magnethel's claim that the parties always intended that only the store building and necessary property around it was *420 covered by the option and thus the reference to the nonexistent address: 1101-1/2 East Plant Street.
Further, under the Lente and Simons rationale, the description in this case referred to a particular tract as distinguished from some other lands. The lease involved the store located at 1101-1/2 East Plant Street and the surrounding real estate (by inference) owned by Magnethel. This did not involve "about 6 acres east thereof" (Hammond) or the surrounding property to be selected by some agent (Patrick). The parties intended a specific piece of property "surrounding the store" and parol and extrinsic evidence are admissible to determine their intent.
Finally, Magnethel is estopped to assert that the lease is unenforceable because of the description contained therein. Magnethel chose the description for its own purpose and its attorneys prepared the lease. It accepted payments for almost two years (until after the purchase price for the sale of the store was completely paid) before raising the description as a defense to the exercise of the option. As the court held in Cox v. La Pota, 76 So.2d 662, 663 (Fla. 1954):
One who leads another to act upon a supposed contract and to incur expenses or otherwise change his position by reason thereof is estopped to refuse compliance with his own obligations thereunder upon a pretext of some defect in a matter of form.
In Cox, it was the lack of statutorily required witnesses caused by the action of the complaining party; here it is the asserted inadequacy of the description prepared by the complaining party. A court of equity cannot permit such inequity. The court should determine what the parties intended  and then enforce it.
REVERSED and REMANDED for further action consistent with this opinion.
COBB, J., concurs.
GRIFFIN, J., concurs in result only.
NOTES
[1] Magnethel now urges that the actual legal address of the entire parcel is 1101 East Plant Street and that it chose 1101-1/2 to indicate a distinction between the two buildings on the single parcel. This is not apparent from the lease itself and can only be considered if parol evidence is permitted.
[2] The court in Lente, Simons and Rundel does not distinguish between latent and patent ambiguity  merely whether a particular piece of property was contemplated.
[3] In Mitchell v. Moore, 152 Fla. 843, 13 So.2d 314 (1943), the supreme court held that much liberality is indulged in favor of descriptions with the view of upholding deeds and giving effect to the manifest intent of the parties.
[4] In Carson there were two legally sufficient alternative descriptions without any indication as to which parcel the parties intended to convey.
[5] The distinction between latent and patent ambiguities in relation to parol evidence appears to be disappearing. The modern tendency is to allow a liberal interpretation of the description of land and to uphold the validity of such description if there is any way possible to arrive at the intention of the parties thereto. See e.g., Stoffel v. Stoffel, 241 Iowa 427, 41 N.W.2d 16 (1950), citing 20 Am.Jur. Evidence § 1155:

Originally, ambiguities were classified as "latent" and "patent," and this classification still exists in many jurisdictions. However, the distinction is gradually disappearing, and parol evidence is held admissible to explain an ambiguity whether latent or patent ...
And in 32 C.J.S. Evidence, § 961 d, it is pointed out that the broad rule as originally announced by Lord Bacon "has been subjected to much criticism, on the ground that it is too general, too broad, and not of universal application, and it has never been acted on in its widest extent, at least where the word `ambiguity' is taken in its broad sense of doubtfulness, uncertainty, or double meaning, for there are to be found in reports many cases where, although the ambiguity was such as should undoubtedly be designated as patent, if that term is taken in its broad sense, the courts have admitted evidence to explain it, or to show the circumstances surrounding the transaction and the situation of the parties. In addition to this there are many cases flatly repudiating this part of the rule and expressly holding that a patent as well as a latent ambiguity may be explained by extrinsic evidence.