712 So.2d 1194 (1998)
Lavine MENDELSON, Appellant,
v.
GREAT WESTERN BANK, F.S.B., Appellee.
No. 97-01323.
District Court of Appeal of Florida, Second District.
June 19, 1998.
*1195 Thomas S. Rutherford, Tampa, for Appellant.
Larry M. Segall of Gibbons, Smith, Cohn & Arnett, P.A., Tampa, for Appellee.
NORTHCUTT, Judge.
Lavine Mendelson challenges a final summary judgment foreclosing a mortgage on property he claims to own as a tenant in common with his former wife. We reverse because the mortgagee did not conclusively demonstrate its entitlement to summary judgment.
The property at issue comprises a residence on a one-acre lot, and an adjacent vacant acre, lying in west Hillsborough County. Mr. Mendelson and his former wife, Sofia Mendelson, owned the property during their marriage. Upon their separation in 1972, Mr. Mendelson quitclaimed the property to his wife. In 1978, the Mendelsons mortgaged the property to the Bank of Oldsmar.
The Mendelsons were divorced in Pinellas County in 1985. The final judgment awarded Mr. Mendelson a one-half interest in the property as a tenant in common, as follows:
As and for an equitable distribution of the parties' real property, the property consisting of approximately 1 adjacent acre and the former marital home as well as approximately 1 acre of vacant land located on the corner of South Race Track Road and State Street in Hillsborough County, Florida, shall henceforth be owned by the parties as tenants in common. In the event all documents necessary to achieve this conveyance are not executed by the parties within ten (10) days of the entry of this Final Judgment of Dissolution, then and in that event, this Final Judgment shall operate to vest title to said property in the parties as tenants in common.
The final judgment was recorded in Pinellas County, but the parties did not record it in Hillsborough County until after the execution and filing of the mortgage that gave rise to this litigation. The record on summary judgment reflects that Mr. Mendelson resided at the property following the divorce.
In 1989, Mrs. Mendelson individually refinanced the property through Great Western Bank to pay off the earlier mortgage and to acquire additional cash. Mr. Mendelson did not execute the Great Western mortgage. The obligation eventually went into default, and in 1995 the bank filed a complaint against Mr. and Mrs. Mendelson to foreclose its mortgage. In an amended complaint, the bank added an alternative count seeking an equitable lien against Mr. Mendelson's interest in the property, if any, based on the benefit he derived from the satisfaction of the Bank of Oldsmar mortgage.
Mr. Mendelson pleaded affirmative defenses to the foreclosure, asserting in pertinent part that he had not executed the Great Western mortgage, that his interest in the property was prior and superior to the mortgage, and that Great Western's actual knowledge of his interest waived or estopped it from foreclosing it. The bank admitted that Mr. Mendelson did not execute the mortgage, but otherwise denied that it had actual knowledge of his interest or that he even held an interest in the property.
Great Western moved for summary judgment on both counts of its amended complaint. Mr. Mendelson opposed the motion with his own affidavit averring that the divorce judgment vested title in him and Mrs. *1196 Mendelson as tenants in common. Further, Mr. Mendelson alleged that prior to the execution of the mortgage he advised Great Western's loan officer, Diane Weber, that he was a tenant in common with Mrs. Mendelson.
Mrs. Mendelson furnished an affidavit stating that she, too, told Weber that she owned the property with her former husband, and that Weber visited the property and met with Mr. Mendelson. Mrs. Mendelson recalled that she specifically asked whether she needed a quitclaim deed from Mr. Mendelson, and that Weber replied that such was unnecessary because the Hillsborough County public records did not reflect Mr. Mendelson's interest in the property.
Great Western's form affidavits did not controvert the foregoing assertions; for purposes of the summary judgment motion, the bank did not dispute that it had prior actual knowledge of Mr. Mendelson's claim to an interest in the property. That being so, any such interest would have been superior to Great Western's mortgage notwithstanding that the mortgage was the first to be recorded in Hillsborough County. See First Federal Sav. & Loan Ass'n v. Fisher, 60 So.2d 496 (Fla.1952); Richmond v. Stockton, Whatley, Davin & Co., 430 So.2d 571 (Fla. 3d DCA 1983); Rafkind v. Beer, 426 So.2d 1097 (Fla. 3d DCA 1983).
Rather, the bank premised its motion for summary judgment of foreclosure on the assertion that, in fact, Mr. Mendelson had no interest in the property because the language in the Mendelsons' divorce judgment was insufficient as a matter of law to convey ownership. The circuit court agreed, and rendered final summary judgment in favor of Great Western foreclosing the mortgage.
To effect a valid conveyance of real property, a deed or other instrument must describe the property such that it is evident that a particular parcel, and not a different or unspecified one, is to be conveyed. See Simons v. Tobin, 89 Fla. 321, 104 So. 583 (1925); Lente v. Clarke, 22 Fla. 515, 1 So. 149 (1886). Florida follows a liberal policy in this regard. See Mitchell v. Moore, 152 Fla. 843, 13 So.2d 314 (1943). The rule is that a description is sufficient if, by relying on the description read in light of all facts and circumstances referred to in the instrument, a surveyor could locate the land. See Burns v. Campbell, 131 Fla. 630, 180 So. 46 (1938); Bajrangi v. Magnethel Enterprises, Inc., 589 So.2d 416 (Fla. 5th DCA 1991).
Following this rule, Florida courts have upheld conveyances that identified the subject properties by their street addresses, Bajrangi, 589 So.2d 416; Baker v. Baker, 271 So.2d 796 (Fla. 3d DCA 1973); or by designations commonly understood in the communities in which the properties were located, Simons, 89 Fla. 321, 104 So. 583 ("Esmeralda Hotel Property"); Mitchell, 13 So.2d 314 ("Palm Beach Farms"); and by such seemingly imprecise language as "my forty near the Garrison lands, in Hernando County," Lente, 22 Fla. 515, 1 So. 149.
On the other hand, if the instrument's description of the property is patently ambiguous, and the instrument furnishes no other information from which the parties' intention can be gleaned, the attempted conveyance is void, and parol evidence may not be employed to cure the deficiency. For example, in Carson v. Palmer, 139 Fla. 570, 190 So. 720 (1939), the deed at issue gave two inconsistent legal descriptions, describing two separate parcels. Our supreme court held that, in the absence of other language in the instrument showing the grantor's intent as to which parcel was to be conveyed, the deed was void. In Mitchell v. Thomas, 467 So.2d 326 (Fla. 2d DCA 1985), the deed described the property by metes and bounds, but omitted two boundary calls, such that the description did not close. This court held that the attempted conveyance was void because the deed contained insufficient information to permit a surveyor to locate the land to be conveyed.
In the circuit court, Great Western argued, as it does here, that the property description contained in the Mendelsons' divorce judgment was patently ambiguous. The bank submitted the affidavit of a surveyor who pointed out that the description contained no lot number, block identification, or subdivision name. Moreover, although the description placed the property at the corner of *1197 South Race Track Road and State Street in Hillsborough County, it did not specify on which quadrant of the intersection the property was located. The bank's surveyor opined that the description did not contain enough information to permit a surveyor, by applying the rules of surveying, to locate the property.
In opposition to the motion for summary judgment, Mr. Mendelson submitted the affidavit of another surveyor who stated that, when necessary, it is common surveying practice to review public records in order to locate a property, and that in this case "a review of the public records and/or a conversation with the parties" would reveal the property's location.
Although we do not believe that a deed may be rendered sufficient by a "conversation with the parties," a property description may be aided by reference to the public records if the instrument contains information sufficient to identify the property through that line of inquiry. "Extrinsic facts pointed out in the description may be resorted to to ascertain the land conveyed, and the property may be identified by extrinsic evidence, as in the case of records of the county where the land is situate." Mitchell, 13 So.2d at 317, quoting 18 C.J. 180, 181.
Here, the Mendelsons' divorce judgment reflected that it conveyed an interest in property owned by one or the other of named parties. The property was described by its approximate quantity and location at a particular intersection within Hillsborough County. Thus, the information on the face of the document supported a line of inquiry in the public records of Hillsborough County to ascertain whether they described a property that met all the mentioned criteria. See Bajrangi, 589 So.2d at 419 (property description in deed is sufficient if, by pursuing an inquiry based upon words of reference, the court may identify the particular property to the exclusion of all other property).
Of course, there is the off chance that an examination of the public records would disclose the existence of more than one property meeting all the criteria described in the divorce judgmentas the affidavit of Great Western's surveyor observed, the description did not specify on which of the intersection's quadrants the property lay. But that possibility does not invalidate the property description. In Lente, 22 Fla. 515, 1 So. 149, a suit for specific performance of a contract to sell property described as "my forty near the Garrison lands, in Hernando County," the supreme court deemed the description sufficient based, in part, on a presumption arising from the face of the contract that the seller owned only one such parcel. The court held that it was the defendant's burden to prove otherwise.
Here, the Mendelsons' divorce judgment purported to equitably distribute "all real property presently titled in their names, either jointly or otherwise." That being the case, the fact that the judgment described only one property located at a particular intersection in Hillsborough County implied that the parties owned only one such property. If the public records show otherwise, it was Great Western's burden to prove that fact, both under Lente, 22 Fla. 515, 1 So. 149, and because a movant for summary judgment must conclusively demonstrate that it is entitled to prevail. See Snyder v. Cheezem Development Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979).
Mr. Mendelson also argues that Great Western is not entitled to an equitable lien because the bank cannot show that it relied upon any misrepresentation or fraud on his part. But the circuit court never ruled on Great Western's equitable lien claim. We cannot address on appeal an issue that has not been ruled upon by the circuit court. See McGurn v. Scott, 596 So.2d 1042, 1043 (Fla. 1992); Sierra by Sierra v. Public Health Trust of Dade County, 661 So.2d 1296 (Fla. 3d DCA 1995).
We reverse the final summary judgment and remand for further proceedings consistent with this opinion.
FULMER, A.C.J., and GREEN, J., concur.