DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD LOSNER,**
Appellant,

v.

**HSBC BANK USA, N.A., AS TRUSTEE FOR DEUTSCHE ALT-A
SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-1, MORTGAGE
PASS-THROUGH CERTIFICATES,**
Appellee.

No. 4D15-493

[April 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; William R. Slaughter II, Senior Judge; L.T. Case No.
2013CA004876 (AW).

Brian Korte and Scott Wortman of Korte & Wortman, P.A., West Palm
Beach, for appellant.

No appearance for appellee.

FORST, J.

Appellant Ronald Losner ("Homeowner") appeals the entry of a final
judgment of foreclosure in favor of HSBC Bank, USA, N.A., as trustee for
Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-1, Mortgage
Pass-Through Certificates ("the Bank"). His arguments on appeal are that
the Bank failed to prove either that it had standing to foreclose or that a
mutual mistake had been made which would serve as grounds for
reforming the mortgage. We affirm on the standing issue without further
discussion. We reverse on the reformation issue and remand for entry of
a money judgment in lieu of a judgment requiring the sale of the property.

**Background**

In 2006, Homeowner took out a note and mortgage on a property with
"Approved Funding Corp., NY Corporation" as the lender. The mortgage
had a section where a legal description of the property was to be affixed,
but no such description was actually part of the mortgage. The mortgage

was assigned from MERS, the mortgagee (as opposed to Approved Funding Corp., the lender), to the Bank in September of 2009. That assignment contained a legal description of the property.

In March of 2013, the Bank filed a complaint to foreclose on the mortgage alleging three counts: the foreclosure itself, a lost note count, and a count to reform the mortgage to include the legal description of the property. The copy of the note attached to the complaint contained an undated blank indorsement made by Approved Funding Corp. Also attached to the complaint was an affidavit of lost note.

Before trial, the Bank moved to transfer the original loan documents from a separate case to this one. The documents had been filed with the court on May 5, 2010, and the Bank's motion to transfer them was granted on January 14, 2015.

After a bench trial, the court found that the Bank was entitled to foreclose as the party with standing and that the reformation count should be granted.

**Analysis**

In a reformation case, the lower court's findings of fact "are entitled to a presumption of correctness." *Providence Square Ass'n v. Biancardi*, 507 So. 2d 1366, 1372 (Fla. 1987) (per curiam). Such findings are reviewed for clear error and sufficient evidence. *Id.*

The purpose of reformation is to "allow[] [a] defective agreement to be corrected to reflect the true terms of the agreement the parties actually reached." *Circle Mortg. Corp. v. Kline*, 645 So. 2d 75, 78 (Fla. 4th DCA 1994). The key to a reformation is the showing of a mutual mistake by clear and convincing evidence. *Id.* at 77; *Allstate Ins. Co. v. Vanater*, 297 So. 2d 293, 296 (Fla. 1974).

Here, the Bank introduced clear and convincing evidence to show that a mistake was made, but not to show what the actual agreement between the originally contracting parties was. The mortgage that was introduced contained a large blank area with the words "Please attach legal description." *No legal description was attached.* Under no reasonable interpretation of the mortgage could a person believe that it was the intent of the parties to leave that section blank. Clearly, therefore, a mutual mistake was made.

But, as noted, the purpose of reformation is not merely to show that a

2

mistake has been made, but to correct that mistake to reflect the terms actually agreed upon. It is here that the Bank has failed to introduce clear and convincing evidence.

The Bank's only evidence as to what should have been in the blank area is in an assignment of mortgage from the original mortgagee to the Bank. That assignment contained a legal description that, via testimony, was established to be the property at issue. But this does not establish that, at the time the mortgage was executed, both parties to the mortgage intended that description to be the one included. In fact, it does not even establish that the original mortgagee intended that description, let alone that Homeowner ever intended as much.

In short, the Bank failed to establish what exactly the original intentions of the contracting parties were. The trial court therefore erred in reforming the mortgage.

## Conclusion

We affirm the lower court's judgment with respect to the Bank's standing to foreclose. However, the Bank failed to establish the intent of the original parties to the mortgage, even though it did establish that there was a mutual mistake. This failure compels us to reverse the final judgment to the extent that it grants the Bank's reformation count, and to remand for a new final judgment to be issued without such reformation.

Homeowner conceded in the trial court that if the Bank is entitled to judgment in its favor on the foreclosure, a determination we do not disturb, that Homeowner would be liable for a monetary judgment.

In sum, we therefore affirm the Bank's standing to foreclose; reverse and remand with instructions to enter an involuntary dismissal of the Bank's reformation count; and instruct the trial court to modify the final judgment to grant the Bank only a monetary judgment for Homeowner's failure to make payments on the note.

*Affirmed in part; reversed in part; and remanded for further proceedings.*

STEVENSON and MAY, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

3