DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ABDUL SALAM** and **GHAZALA K. SALAM,**
Appellants,

v.

**U.S. BANK NATIONAL ASSOCIATION,** As Trustee, Successor In Interest To **WACHOVIA BANK, NATIONAL ASSOCIATION,** As Trustee For **WELLS FARGO ASSET SECURITIES CORPORATION,** Mortgage Pass-Through Certificates, Series 2005-AR13; **WELLS FARGO BANK N.A.; THE TOWN FOUNDATION, INC.; THE RIDGES MAINTENANCE ASSOCIATION, INC.;** Any and All Unknown Parties Claiming By, Through, Under and Against The Herein Named Individual Defendant(s) Who Are Not Known To Be Dead Or Alive, Whether Said Unknown Parties May Claim An Interest As Spouses, Heirs, Devisees, Grantees, Or Other Claimants; Unknown Tenant 1; Unknown Tenant 2; Unknown Tenant 3; and Unknown Tenant 4; The Names Being Fictitious To Account For Parties In Possession,
Appellees.

No. 4D16-1693

[December 20, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 14-10840 (11).

Chase E. Jenkins of Loan Lawyers, LLC, Fort Lauderdale, for appellants.

Sara F. Holladay-Tobias, C.H. Houston, III, and Monica L. Haddad Forbes of McGuireWoods LLP, Jacksonville, for appellee U.S. Bank National Association, As Trustee, Successor In Interest To Wachovia Bank, National Association, As Trustee For Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR13.

CIKLIN, J.

In this appeal from a foreclosure judgment, Abdul and Ghazala Salam ("the homeowners") argue that the trial court erred in denying their motion for involuntary dismissal and entering a final judgment where the mortgage did not contain a legal description for the property. We find

that the plaintiff in the underlying foreclosure suit presented sufficient evidence to establish a prima facie case, and we affirm.

In 2005, Abdul Salam executed a note in favor of the lender, Wells Fargo Bank, N.A. The homeowners executed a mortgage securing the note. The mortgage identifies the lender as the mortgagee and provides the property address. The mortgage also contains a stamp reflecting recording information, including a recording date and time, and book and page number references:

> INSTR # 104925505
> OR BK 39480 PAGES 686-710
> RECORDED 04/20/05 15:56:30
> BROWARD COUNTY COMMISSION
> DOC STMP-M: $1624.00
> INT TAX: f1 $928.00
> DEPUTY CLERK 3075
> #1, 25 Pages

In 2014, U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR13 ("the bank"), brought suit against the homeowners, seeking to foreclose on the mortgage. The bank identified the official records book of Broward County where the mortgage securing the note is recorded: "Official Records Book 39480, at Page 686, of the Public Records of Broward County, Florida."

During trial, the original mortgage was introduced into evidence by the bank. Although the original mortgage referenced an attached legal description, there was no attachment to the original mortgage. An assignment was also introduced into evidence. It provided a legal description for the mortgaged property, and stated that the mortgage was "recorded April 20, 2005 in Official Records Book 39480 at Page 686 of the public records of BROWARD County . . . ."

After the bank rested, the homeowners moved for involuntary dismissal, arguing that the bank "failed to state a cause of action" in the absence of a legal description in the mortgage. The homeowners further argued that a legal description is necessary to protect third parties: "It could be foreclosing on only part of the actual subject property." The homeowners also pointed out that the bank had not pled a reformation count.

2

The bank relied on the legal description contained in the assignment. It also argued that the homeowners' argument was waived, as it was not raised as an affirmative defense.

The trial court denied the motion for involuntary dismissal, reasoning that the absence of a legal description was not raised in the homeowners' affirmative defenses.

On appeal, the homeowners first argue that they did raise the absence of a legal description in their affirmative defenses, and that their denial of the bank's allegations was sufficient to require the bank to prove that there was a mortgage on the property. The homeowners also argue that the bank failed to prove a lien existed on the subject property, because the note, mortgage, and modification entered into evidence did not contain a legal description of the property. We need not entertain the homeowners' first argument, as we find that the bank presented a prima facie case.

We review a trial court's ruling on a motion for involuntary dismissal de novo. *Deutsche Bank Nat'l Trust Co. v. Huber*, 137 So. 3d 562, 563 (Fla. 4th DCA 2014). "To establish a prima facie case, a foreclosure plaintiff must prove: (1) an agreement between the parties; (2) a default by the defendant; (3) acceleration of the debt to maturity; and (4) the amount due." *Liberty Home Equity Sol., Inc. v. Raulston*, 206 So. 3d 58, 60 (Fla. 4th DCA 2016). "In other words, the plaintiff must introduce the subject note and mortgage, an acceleration letter, and some evidence regarding the outstanding debt." *Id.*

"[T]he lien of a mortgage encompasses the property described in the mortgage. Thus, for a mortgage to create a valid lien, the mortgage must contain a sufficient description of the property to enable the parties to ascertain and locate the property affected by the lien." *Heartwood 2, LLC v. Dori*, 208 So. 3d 817, 821 (Fla. 3d DCA 2017) (citation omitted); *see also* § 697.02, Fla. Stat. (2014) ("A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession.").

"Florida courts have repeatedly held descriptions of property in mortgages sufficient despite minor mistakes and irregularities where the description of the property intended to be encumbered could be determined from a review of the entire instrument." *Regions Bank v. Deluca*, 97 So. 3d 879, 884-85 (Fla. 2d DCA 2012). As early as 1907, the Florida Supreme Court elaborated on the sufficiency of a property description in a mortgage:

3

It must be borne in mind that the contest here is directly between the parties to the mortgage. As to the description of the property mortgaged, the rule is . . . as follows: 'As against third persons the mortgage must point out the subject-matter, so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests; but between the parties it is only necessary to identify the chattels, so that the mortgagee may say with a reasonable degree of certainty what property is subject to his lien.'

*Davis v. Horne*, 45 So. 476, 477 (Fla. 1907) (citation omitted). There, the mortgaged property was described as "all the following described property, situate, lying, and being in Suwanee [C]ounty, Florida, to wit: All the real estate and timber or timber interest, of whatsoever nature, kind, or description, that is owned by the parties of the first part, or either of them . . . ." *Id.* at 477. The mortgage further described specified personal property "together with the farm, and the improvements thereon, that is now owned and that may be hereafter owned by the said parties of the first part in said county during the time that the parties of the first part, or either of them, may be indebted to the party of the second part . . . ." *Id.* The Florida Supreme Court found the description was sufficient as to the parties to the mortgage, and that parol evidence was admissible to identify the property. *Id.*

We can also find guidance in cases involving the sufficiency of property descriptions in deeds. In *Mendelson v. Great Western Bank, F.S.B.*, 712 So. 2d 1194 (Fla. 2d DCA 1998), the court summarized our courts' holdings:

To effect a valid conveyance of real property, a deed or other instrument must describe the property such that it is evident that a particular parcel, and not a different or unspecified one, is to be conveyed. *See Simons v. Tobin*, 89 Fla. 321, 104 So. 583 (1925); *Lente v. Clarke*, 22 Fla. 515, 1 So. 149 (1886). Florida follows a liberal policy in this regard. *See Mitchell v. Moore*, 152 Fla. 843, 13 So. 2d 314 (1943). The rule is that a description is sufficient if, by relying on the description read in light of all facts and circumstances referred to in the instrument, a surveyor could locate the land. *See Burns v. Campbell*, 131 Fla. 630, 180 So. 46 (1938); *Bajrangi v. Magnethel Enterprises, Inc.,* 589 So. 2d 416 (Fla. 5th DCA 1991).

4

Following this rule, Florida courts have upheld conveyances that identified the subject properties by their street addresses, *Bajrangi*, 589 So. 2d 416; *Baker v. Baker*, 271 So. 2d 796 (Fla. 3d DCA 1973); or by designations commonly understood in the communities in which the properties were located, *Simons*, 89 Fla. 321, 104 So. 583 ("Esmerelda Hotel Property"); *Mitchell*, 13 So. 2d 314 ("Palm Beach Farms"); and by such seemingly imprecise language as "my forty near the Garrison lands, in Hernando County," *Lente*, 22 Fla. 515, 1 So. 149.

On the other hand, if the instrument's description of the property is patently ambiguous, and the instrument furnishes no other information from which the parties' intention can be gleaned, the attempted conveyance is void, and parol evidence may not be employed to cure the deficiency. For example, in *Carson v. Palmer*, 139 Fla. 570, 190 So. 720 (1939), the deed at issue gave two inconsistent legal descriptions, describing two separate parcels. Our supreme court held that, in the absence of other language in the instrument showing the grantor's intent as to which parcel was to be conveyed, the deed was void. In *Mitchell v. Thomas*, 467 So. 2d 326 (Fla. 2d DCA 1985), the deed described the property by metes and bounds, but omitted two boundary calls, such that the description did not close. This court held that the attempted conveyance was void because the deed contained insufficient information to permit a surveyor to locate the land to be conveyed.

. . . .

[A] property description may be aided by reference to the public records if the instrument contains information sufficient to identify the property through that line of inquiry. "Extrinsic facts pointed out in the description may be resorted to to ascertain the land conveyed, and the property may be identified by extrinsic evidence, as in the case of records of the county where the land is situate."

*Id.* at 1196-97 (emphasis omitted).

In *Mendelson*, the final judgment of divorce awarded the husband an interest in the property, and described it as follows: "[T]he property consisting of approximately 1 adjacent acre and the former marital home

5

as well as approximately 1 acre of vacant land located on the corner of South Race Track Road and State Street in Hillsborough County, Florida." *Id.* at 1195. The appellate court found that this was sufficient:

> Here, the . . . divorce judgment reflected that it conveyed an interest in property owned by one or the other of named parties. The property was described by its approximate quantity and location at a particular intersection within Hillsborough County. Thus, the information on the face of the document supported a line of inquiry in the public records of Hillsborough County to ascertain whether they described a property that met all the mentioned criteria.

*Id.* at 1197. The court acknowledged the "off chance" that more than one parcel of property would meet the description contained in the judgment, but concluded "that possibility does not invalidate the property description." *Id.* Rather, the defendant would have the burden to prove that he owned more than one parcel of property matching the description. *Id.*

Here, the mortgage is between named parties and contains a property address and a stamp with recording information. We find that the bank presented a prima facie case of foreclosure.[1]


*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The homeowners rely on a reformation case, *Losner v. HSBC Bank USA, N.A.*, 190 So. 3d 160 (Fla. 4th DCA 2016), but that opinion does not address whether a property address and recording information in a mortgage constitutes a sufficient property description.